**YATES et al., Appellants,**

v.

**BROWN, Appellee.**

[Cite as *Yates v. Brown*, 185 Ohio App.3d 742, 2010-Ohio-35.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 09CA009600.

Decided Jan. 11, 2010.

Karen Yates and Janet Yates, pro se.

D. Cheryl Atwell, for appellee.

CARR, Judge.

{¶ 1} Appellants, Janet Yates and Karen Yates, appeal the judgment of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellee, Jeffrey Brown. This court affirms.

I

{¶ 2} Janet Yates initiated divorce proceedings against Charles Yates in 2004. She dismissed her first complaint in 2005 and refiled a new complaint the same day. She dismissed her second complaint in 2006, having filed a third complaint for divorce one day before the dismissal of the second. At some point during the Yateses' divorce proceedings, their daughter Karen Yates was added as a third-party defendant based on allegations that she was entitled to a share of the division of marital property because of money she had allegedly lent for the

benefit of her parents' marriage. Janet and Karen's allegiance was apparently aligned throughout the divorce proceedings, as well as in the instant case.

{¶ 3} At least three attorneys appear on the domestic-relations court dockets as having represented Janet in her divorce cases. Jeffrey Brown was one of those attorneys. Brown replaced Janet's first attorney, while he was himself replaced by a third. On February 12, 2008, Janet and Karen filed a complaint alleging legal malpractice by Brown arising out of his performance during Janet's divorce proceedings. Janet also filed a complaint alleging legal malpractice by the third attorney to represent her in her divorce proceedings.

{¶ 4} Brown filed an answer, denying the allegations of any breach of the standard of care and denying that he had ever represented Karen. Brown also filed a counterclaim for money due from Janet for his services rendered during her divorce proceedings. Both Janet and Karen, who maintained that Brown represented them both, filed a joint answer to the counterclaim.

{¶ 5} On May 16, 2008, Brown filed a motion to compel discovery. Janet and Karen responded in opposition and further filed a motion to extend the time for discovery. Brown replied in support of his motion to compel and opposed any extension of time for discovery. Brown also filed a motion for sanctions pursuant to R.C. 2323.51, alleging that the Yateses' complaint was frivolous. Janet and Karen responded in opposition to the motion for sanctions, and Brown replied in support. On July 18, 2008, the trial court extended the discovery deadline until October 14, 2008, and scheduled a pretrial for the same day.

{¶ 6} On October 22, 2008, the trial court issued a journal entry from the October 14, 2008 pretrial. The court granted Brown's motion to compel, as well as Janet and Karen's motion to extend discovery, and ordered Janet and Karen to respond to the propounded discovery requests by November 14, 2008. The trial court further ordered that Janet and Karen's expert-witness report was due by February 27, 2009. On February 27, 2009, Janet and Karen filed a "Notice of Service Expert Witness Statement" in which they asserted that they had caused to be served upon Brown's counsel "[a]n expert witness statement."

{¶ 7} On March 17, 2009, Brown filed a motion for summary judgment. On March 25, 2009, the trial court ordered the plaintiffs to file any response to the motion for summary judgment by April 8, 2009. On April 8, 2009, Janet and Karen filed their response in opposition to the motion for summary judgment, as well as their own motion to dismiss Brown's counterclaim. Brown filed an opposition to the motion to dismiss and his own reply in support of his motion for summary judgment. On May 14, 2009, the trial court granted summary judgment in favor of Brown, dismissing Janet and Karen's claim. On May 20, 2009, Brown voluntarily dismissed his countersuit. Janet and Karen filed a timely appeal, raising eight assignments of error. To facilitate review, this court

consolidates some assignments of error and addresses the assignments of error out of order.

## II

### ASSIGNMENT OF ERROR V

The trial court erred by apparently ignoring appellants' motion for Civil Rule 56F, for time to depose Jeffery S. Brown and complete discovery before trial.

{¶ 8} Janet and Karen argue that the trial court erred by ruling on Brown's motion for summary judgment without allowing them additional time to conduct discovery as provided by Civ.R. 56(F). This court disagrees.

{¶ 9} Civ.R. 56(F) provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 10} Brown's sole argument in support of his motion for summary judgment is that Janet and Karen's failure to submit an expert report rendered them unable to make a prima facie case of legal malpractice. Although Janet and Karen argued that they were not satisfied with Brown's responses to their discovery requests, they never filed a motion to compel discovery. The trial court granted their sole motion to extend the discovery deadline and set a deadline for submission of their expert-witness report by February 27, 2009. Janet and Karen in fact submitted a document that they alleged to be an expert-witness statement by the deadline.

{¶ 11} After Brown filed his motion for summary judgment, the trial court set a response deadline. Janet and Karen did not move for any extension of time to respond or otherwise indicate that they could not timely respond because of insufficient discovery. Instead, they filed their response to the motion for summary judgment on the date it was due, asserting for the first time that Brown's responses to their discovery requests were deficient. They further asserted that they had requested to take Brown's deposition, which they would have an expert review "if this Court deems it necessary." Janet and Karen never asserted that Brown had failed to appear for a deposition.

{¶ 12} Significantly, Janet and Karen did not dispute that they had not sought the opinion of an expert. Rather, they expressly asserted that "[a] legal expert is not a requirement for a successful legal malpractice claim, in the state of Ohio,

merely a wish of the Defendant to further financially encumber the Plaintiffs." In the absence of any motion to compel discovery, any motion to extend the deadline for their response to the motion for summary judgment in order to complete discovery, or even any suggestion that they were pursuing the opinion of an expert, there is nothing to indicate that the trial court erred by considering the April 8, 2009 response as a response in opposition to the motion for summary judgment, rather than a request to continue the matter to allow Janet and Karen to obtain necessary affidavits or engage in further discovery. Janet and Karen's fifth assignment of error is overruled.

### ASSIGNMENT OF ERROR II

The trial court erred in finding that Karen and Janet Yates were informed that the case could not proceed without an expert report.

### ASSIGNMENT OF ERROR III

The trial court erred in not accepting the expert witness statement submitted by February 27, 2009.

### ASSIGNMENT OF ERROR IV

The trial court erred by not recognizing this case as an unusual case of blatant negligence and malpractice, thus negating an expert report [sic].

### ASSIGNMENT OF ERROR VI

The trial court erred in granting defendant-appellee Jeffrey S. Brown's motion for summary judgment.

### ASSIGNMENT OF ERROR VIII

The trial court erred in accepting defense counsel's expert report.

{¶ 13} Janet and Karen argue that the trial court erred by granting Brown's motion for summary judgment. This court disagrees.

{¶ 14} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. This court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 15} Pursuant to Civ.R. 56(C), summary judgment is proper if the following conditions are met:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 16} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639.

■■ {¶ 17} Janet and Karen alleged that Brown is liable to them for legal malpractice based on negligent representation. To prevail on such a claim, they must demonstrate "(1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; (3) the attorney's failure to conform to the standard required by law; and (4) a causal connection between the conduct complained of and the resulting damage." *Haas v. Bradley*, 9th Dist. No. 04CA008541, 2005-Ohio-4256, 2005 WL 1963013, at ¶ 17, citing *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 427, 674 N.E.2d 1164. "The duty of an attorney to his client is to ' * * * exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed.'" *Palmer v. Westmeyer* (1988), 48 Ohio App.3d 296, 298, 549 N.E.2d 1202, quoting 67 Ohio Jurisprudence 3d (1986) 16, Malpractice, Section 9.

{¶ 18} This court has stated:

In an action for legal malpractice, one must set forth expert testimony to establish an attorney's alleged malpractice or breach of duty and care, unless the breach is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen.

*Haas*, 2005-Ohio-4256, 2005 WL 1963013, at ¶ 18, citing *Bloom v. Dieckmann* (1983), 11 Ohio App.3d 202, 203, 11 OBR 298, 464 N.E.2d 187.

{¶ 19} In this case, Janet and Karen submitted what they purported to be an "expert witness statement" to Brown. The "expert witness statement" was, in fact, merely an uncertified copy of a "motion to extend discovery deadline until May 14, 2007," which had been filed in one of Janet's divorce cases by an attorney who assumed her representation after Brown's withdrawal. The motion makes no reference to Brown and no inference that the case had been negligently managed by any prior attorney. There is no reference to the standard of care required or any assertion that any attorney failed to conform to the standard of care and that such a failure proximately caused damage to Janet and/or Karen. There is nothing to support any assertion that the above-referenced motion in any way constitutes an expert-witness report in support of Janet and Karen's claim that Brown was negligent in his representation of either of them. Accordingly, the trial court did not err by refusing to accept the February 27, 2009 "expert witness statement" as an expert report.

{¶ 20} Moreover, in the absence of expert testimony in support of Janet and Karen's claim for legal malpractice, the trial court did not err by granting summary judgment in favor of Brown. Brown met his initial burden by presenting evidence that the plaintiffs had not submitted an expert report in support of their claim. See *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264. Janet and Karen, however, failed to meet their reciprocal burden to show that they could in fact substantiate their claim with expert testimony. See *Tompkins*, 75 Ohio St.3d at 449, 663 N.E.2d 639. Accordingly, the plaintiffs failed to demonstrate a prima facie case of legal malpractice, and the trial court did not err by granting summary judgment in favor of Brown.

{¶ 21} Janet and Karen argue that the trial court erred in finding that it had informed them that their case could not be maintained without an expert report. The trial court stated in the judgment entry that it had advised the plaintiffs at the pretrial held on October 14, 2008, regarding the need for an expert witness. The trial court issued a journal entry on October 22, 2008, from the October 14, 2008 pretrial, establishing a deadline for the submission of the plaintiffs' expert-witness report, indicating that the need for such a report was discussed.

{¶ 22} Moreover, Janet and Karen failed to provide a transcript of the October 14, 2008 pretrial. An appellant is responsible for providing this court with a record of the facts, testimony, and evidentiary matters necessary to support the assignments of error. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237. Specifically, it is an appellant's duty to transmit the transcript of proceedings. App.R. 10(A); Loc.R. 5(A). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has 'no choice but to presume the validity of the [trial] court's proceedings, and affirm.'" *Cuyahoga*

*Falls v. James,* 9th Dist. No. 21119, 2003-Ohio-531, 2003 WL 245738, at ¶ 9, quoting *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384. Accordingly, Janet and Karen's argument that the trial court erred by finding that they had been informed of the need for an expert witness is without merit.

{¶ 23} Janet and Karen also argue that summary judgment is improper because Brown's breach of the standard of care is so obvious as to be within the ordinary knowledge or experience of a layman so that expert testimony is not necessary. This court disagrees.

{¶ 24} Brown presented evidence in his motion for summary judgment that Janet and Karen have also filed a legal-malpractice claim against another attorney who represented Janet in her divorce proceedings. This is evidence tending to show that another attorney's alleged negligent representation in the divorce proceedings may have been the proximate cause of damage to Janet and/or Karen. In their response to the motion for summary judgment, Janet and Karen did not limit their accusations of negligence to Brown. For example, they asserted that marital assets and debts could not be divided in the divorce action because "discovery was not completed by anyone!" When multiple attorneys were involved in the underlying representation, and when the plaintiffs have alleged negligent representation by more than one attorney, the trial court did not err by concluding that expert testimony was necessary to establish a prima facie case of legal malpractice in regard to an individual attorney. In fact, expert testimony would be critical under these circumstances to determining causation and either parsing or eliminating liability.

{¶ 25} Finally, Janet and Karen argue that the trial court erred by accepting Brown's affidavit as an expert report. This argument is without merit.

{¶ 26} This court has stated that "an affidavit from the acting attorney is a legally sufficient basis upon which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff." *Haas,* 2005-Ohio-4256, 2005 WL 1963013, at ¶ 18. We recognize that Brown did not append his affidavit to his motion for summary judgment, but rather to his reply in support of his motion. Nevertheless, the trial court did not premise its judgment on Brown's affidavit, in which he averred that his legal representation met the requisite standard of care. The trial court instead based its ruling on Janet and Karen's failure to present expert testimony under circumstances in which such evidence was necessary to maintain their action for legal malpractice.

{¶ 27} In conclusion, the trial court did not err by granting summary judgment in favor of Brown. Based on the above analyses, Janet and Karen's second, third, fourth, sixth, and eighth assignments of error are overruled.

## ASSIGNMENT OF ERROR I

The trial court erred in finding Karen Yates was never represented by Jeffrey S. Brown.

{¶ 28} Janet and Karen argue that the trial court erred by finding that Brown never represented Karen. Based on this court's resolution of the sixth assignment of error, we decline to address the first assignment of error, as it is moot. See App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR VII

The trial court erred in ruling before the final pretrial, which was never held.

{¶ 29} Janet and Karen argue that the trial court erred by granting summary judgment in favor of Brown prior to the final pretrial. This court disagrees.

{¶ 30} The plaintiffs were ordered to submit an expert-witness report by February 27, 2009. Brown moved for summary judgment soon thereafter, based on their failure to do so. The trial court ordered Janet and Karen to respond to the motion for summary judgment by April 8, 2009, and continued the final pretrial to May 26, 2009, pending resolution of the motion. Janet and Karen timely responded to the motion, and Brown replied on April 14, 2009. At that time, the matter was ripe for the trial court's consideration. The trial court granted summary judgment in favor of Brown on May 14, 2009, and Brown dismissed his counterclaim on May 20, 2009. As all claims had been resolved, there was no need for trial. Logically, therefore, there was no need for a final pretrial on May 26, 2009.

{¶ 31} Janet and Karen argue that the trial court's ruling was premature because at the final pretrial, they would have presented a list of witnesses demonstrating "more than ample expert testimony." Given Brown's motion for summary judgment, the time for the presentation of that evidence was appropriately when they filed their response in opposition to the motion. Janet and Karen's seventh assignment of error is overruled.

## III

{¶ 32} Janet and Karen's first assignment of error is moot. The remaining seven assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

DICKINSON, P.J., and BELFANCE, J., concur.