[Cite as *Dillon v. Siniff*, 2012-Ohio-910.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| RANDY L. DILLON, | : | |
| Plaintiff-Appellant, | : | Case No. 11CA3268 |
| vs. | : | |
| NICHOLAS SINIFF, et al., | : | DECISION AND JUDGMENT ENTRY |
| Defendants-Appellees. | : | |

_____

APPEARANCES:

APPELLANT PRO SE:        Randy L. Dillon, Ross Correctional Institution, P.O. Box
                        7010, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEES:   David A. Goldstein, 326 South High Street, Suite 500,
                        Columbus, Ohio 43215

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-22-12

ABELE, P.J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court summary judgment in

favor of Nicholas Siniff and Jeffrey A. Linn, II, defendants below and appellees herein.

{¶ 2} Randy L. Dillon, plaintiff below and appellant herein, assigns the following error for

review:

> "THE TRIAL COURT ERRED WHEN GRANTING SUMMARY
> JUDGMENT IN FAVOR OF THE APPELLEES."

{¶ 3} A Muskingum County jury found appellant guilty of burglary, kidnapping, attempted

murder, and rape.   See <u>State v. Dillon</u>, Muskingum App. No. 2008CA37, 2009-Ohio-3134, ¶19.

The trial court sentenced appellant to serve consecutive terms of imprisonment of: (1) life without

the possibility of parole on the rape count; (2) eight years on the burglary count; (3) ten years on the

kidnapping count; and (4) ten years on the attempted murder count.   Id.   Appellant subsequently

appealed the trial court's judgment.

{¶ 4}   On his first appeal as of right, appellant's counsel raised six assignments of error.

The fifth and sixth assignments are relevant to the present appeal.   Appellant's fifth assignment of

error asserted that his second trial following a mistrial violated the protection against double

jeopardy.   Appellant's sixth assignment of error alleged that trial counsel rendered ineffective

assistance of counsel by failing to request a lesser included offense instruction.   On June 24, 2009,

the Fifth District Court of appeals overruled all of appellant's assignments of error and affirmed

appellant's judgment of conviction and sentence.   Appellant subsequently retained appellees to file a

memorandum in support of jurisdiction in the Ohio Supreme Court.

{¶ 5}   On August 10, 2009, appellees filed the memorandum in support of jurisdiction.[1]

---

[1]   Appellees requested the Ohio Supreme Court to consider the following propositions of law:

Proposition of Law No. 1:    "A trial court deprives a defendant of his constitutional right to present a full and complete defense by denying him the right to present evidence proving he was assaulted and robbed during the time of the crime [sic] occurred."

Proposition of Law No. 2: "Defendant was denied effective assistance of Appellant [sic] Counsel when counsel failed to properly brief the hearsay issues on appeal violating App.R. 16(A)(7) and failed to assert Appellant was denied the opportunity to present a full and complete defense."

Proposition of Law No. 3: "The evidence presented at trial was insufficient to sustain Appellant's convictions because it was based solely on evidence left behind during Appellant's earlier presence at the residence when he handled the child."

The next day, they sent a copy of the memorandum to appellant.   On November 18, 2009, the Ohio Supreme Court declined to hear the appeal.

{¶ 6}   On November 15, 2010, appellant filed a pro se legal malpractice complaint against appellees and alleged that when appellees filed a jurisdictional memorandum in the Ohio Supreme Court, appellees failed to raise two issues that his prior attorney had raised on his first appeal as of right.   Appellant asserted that appellees' failure prevented appellant from raising these two issues in a federal habeas corpus petition.

{¶ 7}   On April 8, 2011, appellant filed a summary judgment motion.   He asserted that appellees failed to perform the obligation that appellant hired them to perform–to file a jurisdictional memorandum in the Ohio Supreme Court that raised the same six issues that appellant's previous counsel raised in his first appeal.   He contends that by failing to raise the same issues, appellees failed to exhaust appellant's state court remedies, which prevented a habeas corpus action based upon the omitted issues.   To support his motion, appellant submitted the affidavit of one of his sisters who stated that she wrote appellees a $2,000 check to represent appellant.   Appellant also submitted small portions of his prior counsel's appellate brief, appellees' jurisdictional memorandum, and copies of correspondence between appellant and appellees.

{¶ 8}   Although appellant did not include much affidavit evidence to support his summary judgment motion, he did attach several affidavits to his complaint.   Appellant attached his own

Proposition of Law No. 4: "A trial court abuses it's [sic] discretion when it fails to instruct the jury that Gross Sexual Imposition and Attempted Rape are lesser-included offenses of Rape when there is not sufficient evidence that a rape occurred."

affidavit, in which he stated that "[i]t was [his] understanding that [his] lawyers were going to appeal all the issues from what [his] previous attorney filed in the court of appeals." Appellant stated that appellees "specifically told me that they were going to appeal all the issues." Appellant stated that he wanted all of the issues raised in the jurisdictional memorandum "because I am serving a lenghty [sic] sentence and I wanted every issue exhausted to prepare and properly file a federal habeas corpus petition." Appellant's sister stated in an affidavit that appellees "communicated to me that they would appeal all the issues that was [sic] denied in [appellant's] previous appeal." Appellant's mother stated that appellees "communicated to [appellant] and my family who paid for the hiring of an attorney that they would appeal all the issues that were denied in the court of appeals."

{¶ 9} On April 22, 2011, appellees filed a combined memorandum in opposition to appellant's summary judgment motion and a cross- summary judgment motion. They asserted that no genuine issues of material fact remained as to whether they breached the applicable standard of care or as to whether any alleged breached proximately caused damage to appellant. To support their motion, appellees attached their own affidavits, as well as the affidavit of a criminal defense attorney. Linn stated in his affidavit that when he met with appellant, Linn explained to appellant that Linn would not raise certain issues appellant wanted raised but, instead, would "raise issues that I believed, based upon my education, training and experience as a licensed practicing attorney, would meet the criteria for the Supreme Court of Ohio to accept the case." Linn stated that appellant did not object to this statement. Linn further stated that appellant did not object after Linn sent appellant a copy of the memorandum that he filed in the Ohio Supreme Court. Linn averred that he and Siniff met the applicable standard of care in their representation

of appellant, that they did not breach any obligation or standard of care, and that there is no causal connection between any alleged breach and appellant's alleged damage.

{¶ 10}  Siniff stated that appellant never instructed him that appellant wanted all of the assignments of error raised in his first appeal also raised in the jurisdictional memorandum.   He further stated that he and Linn did not breach the standard of care or any obligation to appellant and that no causal connection exists between any alleged breach and appellant's alleged damage.

{¶ 11}  Appellees also submitted the affidavit of Samuel Shamansky, an attorney, who has practiced criminal law for twenty-five years.   He attested to a reasonable degree of legal certainty that: (1) appellees met the applicable standard of care when representing appellant; (2) appellees did not breach any obligation to appellant and that they conformed to the standard the law requires of practicing attorneys; and (3) there is no causal connection between any alleged breach and appellant's damage.

{¶ 12}  In response, appellant argued that appellees' affidavits lacked credibility.   He asserted that he and his family members attested in their affidavits that appellees informed appellant that they would be raising all of the issues that previous counsel raised in appellant's first appeal.

{¶ 13}  On July 28, 2011, the trial court entered summary judgment in appellees' favor. The trial court noted that appellees presented evidence to demonstrate that they did not breach any standard of care and that appellant failed to present any Civ.R. 56 evidence to show that appellees breached the standard of care.   The court further determined that even if it is assumed that appellees breached the standard of care, appellant could not demonstrate that the alleged breach proximately caused him any damage or loss.   This appeal followed.

{¶ 14} In his sole assignment of error, appellant asserts that the trial court erred by entering summary judgment in appellees' favor.

{¶ 15} Appellate courts review trial court summary judgment decisions de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, appellate courts must independently review the record to determine if summary judgment is appropriate. In other words, appellate courts need not defer to trial court summary judgment decisions. See Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411–412, 599 N.E.2d 786. Thus, to determine whether a trial court properly awarded summary judgment, an appellate court must review the Civ.R. 56 summary judgment standard as well as the applicable law. Civ.R. 56(C) provides:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶ 16} Accordingly, trial courts may not grant summary judgment unless the evidence demonstrates that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and after viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421, 429–430, 674

N.E.2d 1164.

{¶ 17} Under Civ.R. 56, the moving party bears the initial burden to inform the trial court of the basis for the motion and to identify those portions of the record that demonstrate the absence of a material fact.   Id.; Dresher v. Burt (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264.   The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case.   See Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 145, 677 N.E.2d 308; Dresher, supra.   Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims.   Civ.R. 56(C); Dresher, supra.

{¶ 18} "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment."   Pennsylvania Lumbermans Ins. Corp. v. Landmark Elec., Inc. (1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65.   Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial.   Civ.R. 56(E); Dresher, supra.   A trial court may grant a properly supported summary judgment motion if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Id.; Jackson v. Alert Fire & Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.

{¶ 19} To survive a properly supported summary judgment motion in a legal malpractice action, the plaintiff must demonstrate that genuine issues of material fact remain regarding each of the following elements: "(1) an attorney-client relationship, (2) professional duty arising from that relationship, (3) breach of that duty, (4) proximate cause, (5) and damages." Shoemaker v. Gindlesberger, 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, ¶8, citing Vahila, supra; Krahn v. Kinney (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058. The failure to establish any one of the foregoing elements is fatal to a legal malpractice claim. See Shoemaker at ¶8.

{¶ 20} "The duty of an attorney to his client is to ' * * * exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed.'" Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, 298, 549 N.E.2d 1202, quoting 67 Ohio Jurisprudence 3d (1986) 16, Malpractice, Section 9. Expert testimony ordinarily is required to establish the applicable standard of care and whether an attorney breached the standard of care. See Yates v. Brown, 185 Ohio App.3d 742, 2010-Ohio-35, 925 N.E.2d 669, ¶18. Expert testimony ordinarily is not required, however, when "the breach [or lack thereof] is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen." Id., quoting Haas v. Bradley, Lorain App. No. 04CA8541, 2005-Ohio-4256, at ¶18, citing Bloom v. Dieckmann (1983), 11 Ohio App.3d 202, 203, 464 N.E.2d 187; see, also, McInnis v. Hyatt Legal Clinics, Inc. (1984), 10 Ohio St.3d 112, 461 N.E.2d 1295.

{¶ 21} An attorney-defendant in a legal malpractice action need not obtain the expert opinion of an independent attorney. Instead, "an affidavit from the defendant or acting attorney can suffice as a legally sufficient basis upon which to grant a motion for summary judgment absent

an opposing affidavit of a qualified expert witness for the plaintiff." Roberts v. Hutton, 152 Ohio App.3d 412, 787 N.E.2d 1267, 2003-Ohio-1650, ¶55, citing Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 62, 508 N.E.2d 958; see, also, Vahdati'bana v. Scott R. Roberts & Assoc. Co., L.P.A., Franklin App. No. 07AP-581, 2008-Ohio-1219, ¶31, citing Roselle v. Nims, Franklin App. No. 02AP423, 2003-Ohio-630 (stating that a licensed attorney in a legal malpractice action may testify as to whether the applicable standard of care has been met and that independent expert testimony on is not required).

{¶ 22} Ohio courts have uniformly held that summary judgment is warranted when an attorney-defendant presents his own or an independent expert's affidavit and the plaintiff fails to respond with an opposing expert affidavit. See Fincher v. Phillips, Lucas App. No. L-10-1330, 2011-Ohio-968, ¶13 (stating that in legal malpractice action, "[u]nopposed expert testimony is sufficient to demonstrate that there is no genuine issue of material fact"); Yates, supra, (holding that trial court properly granted defendant summary judgment when plaintiffs failed to respond with expert testimony); Hillman v. Edwards, Franklin App. No. 08AP-1063, 2009-Ohio-5087, ¶25 (holding that summary judgment appropriate when plaintiff failed to present expert testimony to rebut defendant-attorney's affidavit and instead simply claimed that defendant's representation was deficient); Hooks v. Ciccolini, Summit App. No. 20745, 2002-Ohio-2322 (stating that an affidavit from a licensed attorney is a legally sufficient basis upon which to grant summary judgment in legal malpractice action absent an opposing affidavit of a qualified expert witness asserting malpractice). These cases essentially reinforce the summary judgment rule–once the moving party presents proper Civ.R. 56 evidence that shows the absence of a material fact, the opposing party must respond with proper Civ.R. 56 evidence that shows the existence of a material fact.

{¶ 23} In the case sub judice, appellees presented their own affidavits and the affidavit of an independent criminal defense attorney.   All three attorneys stated that appellees did not breach the standard of care.   These affidavits satisfied Civ.R. 56 and showed the absence of a material fact as to whether appellees breached the standard of care.   The burden then shifted to appellant to produce evidence to show that a genuine issue of material fact remained regarding appellees' breach of the standard of care.   Appellant did not respond with any Civ.R. 56 evidence to demonstrate the existence of a genuine issue of material fact regarding appellees' breach of the standard of care.   His own protest that appellees breached their duty by failing to raise all six issues in the Ohio Supreme Court jurisdictional memorandum is not sufficient to overcome appellees' expert affidavits that appellees did not breach the standard of care.   This failure alone justified the trial court's decision to grant appellees summary judgment.   See Fincher, supra; Yates, supra; Hooks, supra; Hillman, supra.

{¶ 24} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellants the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules

of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.