[Cite as *Bernardini v. Fedor*, 2013-Ohio-4633.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| ROBERT BERNARDINI | C.A. No.     12CA0063 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| ROBERT FEDOR, ESQ. | COURT OF COMMON PLEAS<br>COUNTY OF WAYNE, OHIO |
| Appellee | CASE No.     11-CV-0128 |

DECISION AND JOURNAL ENTRY

Dated: October 21, 2013

BELFANCE, Presiding Judge.

{¶1} Appellant, Robert Bernardini, appeals the order of the Wayne County Court of Common Pleas that granted summary judgment to Appellee, Robert Fedor. This Court affirms in part and reverses in part.

I.

{¶2} Mr. Bernardini hired attorney Robert J. Fedor to represent him with regard to a civil administrative action by the Internal Revenue Service to collect unpaid tax penalties and interest. Once the IRS issued a determination of Mr. Bernardini's liability, Mr. Fedor perfected an administrative appeal and attended an appeal conference on Mr. Bernardini's behalf. According to Mr. Bernardini, however, Mr. Fedor was unprepared for that meeting and did not represent him adequately. In addition, Mr. Bernardini alleged that Mr. Fedor failed to notify him when the IRS Appeals office sent correspondence to Mr. Fedor regarding the appeal and that Mr. Fedor failed to communicate with him despite Mr. Bernardini's multiple efforts to do so. Mr.

Bernardini ultimately terminated their attorney-client relationship and retained a different attorney. He subsequently conceded and paid his penalties and accumulated interest to the IRS in full.

{¶3} Mr. Bernardini sued Mr. Fedor for legal malpractice and fraud, alleging that Mr. Fedor negligently represented him and, by failing to communicate with him, fraudulently concealed his negligent acts. Both Mr. Bernardini and Mr. Fedor retained experts whose reports supported their positions regarding the adequacy of Mr. Fedor's representation. Mr. Fedor moved for summary judgment, arguing that because Mr. Bernardini's expert did not express an opinion about causation, Mr. Bernardini's legal malpractice claim failed as a matter of law. The trial court granted Mr. Fedor's motion for summary judgment, and Mr. Bernardini appealed.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT'S ORDER GRANTING SUMMARY JUDGMENT SHOULD BE REVERSED BECAUSE [MR. FEDOR'S] NEGLIGENCE DIRECTLY AND PROXIMATELY CAUSED MONETARY DAMAGE TO [MR. BERNARDINI].

{¶4} In his first assignment of error, Mr. Bernardini has argued that the trial court erred by concluding that Mr. Fedor was entitled to summary judgment on his malpractice claim because Mr. Bernardini's expert did not opine on the element of proximate cause. We agree.

{¶5} This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The substantive law underlying the claims provides the framework

for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995).

**{¶6}** A claim of legal malpractice requires the plaintiff to prove that the attorney owed a duty to the plaintiff, that the attorney breached that duty and failed to conform to the standard of care, and that the failure proximately caused damages to the plaintiff. *See Vahila v. Hall*, 77 Ohio St.3d 421 (1997), syllabus. "If a plaintiff fails to establish a genuine issue of material fact as to any of the elements, the defendant is entitled to summary judgment on a legal-malpractice claim." *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, ¶ 8. Although expert testimony is required as to the standard of conduct and breach of duty in a legal malpractice claim unless "the breach is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen," there is no corresponding requirement with respect to proximate cause. *Morris v. Morris*, 9th Dist. Summit No. 21350, 2003-Ohio-3510, ¶ 17. *See also Wayside Body Shop, Inc. v. Slaton*, 2d Dist. Montgomery No. 25219, 2013-Ohio-511, ¶ 30. In other words, expert testimony on the element of proximate cause is not required in every case, and the determination of whether it is required in an individual case must be based on the nature of the malpractice claim and the attendant circumstances. *See*, *e.g.*, *Yates v. Brown*, 185 Ohio App.3d 742, 2010-Ohio-35, ¶ 18, 24 (9th Dist.) (observing that expert testimony was necessary to establish causation in a case in which damages could have been attributed to more than one attorney). In stating the basis for his motion for summary judgment, however, Mr. Fedor took the opposite position:

> Here, Plaintiff's expert has not opined on the proximate causation element of his claim for legal malpractice. It is well settled, however, that expert testimony is

required to establish the proximate causation element of a legal malpractice claim. * * * Accordingly, because Plaintiff's expert, Terri Brunsdon, has not opined on the proximate causation of Plaintiff's claim, Plaintiff's legal malpractice claim fails as a matter of law.

Although in his merit brief, Mr. Fedor attempts to retreat from this position, his arguments in the motion were precise. Mr. Fedor moved for summary judgment on Mr. Bernardini's legal malpractice claim on the basis that because Mr. Bernardini's expert did not express an opinion about proximate cause, the malpractice claim failed as a matter of law. Because expert testimony about proximate cause is not required in every case, however, the legal premise underlying Mr. Fedor's motion is incorrect, and the trial court erred in granting the motion on that basis. Mr. Bernardini's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THE TRIAL COURT'S RULING AGREED THAT DEFENDANT COMMITTED NEGLIGENCE, THEREFORE PLAINTIFF HAD A CONSTITUTIONAL RIGHT TO HAVE A JURY DETERMINE THE APPROPRIATE AMOUNT OF FINANCIAL DAMAGES.

{¶7} In his second assignment of error, Mr. Bernardini argues that the trial court erred by concluding that Mr. Fedor committed negligence, but granting summary judgment to Mr. Fedor nonetheless. The trial court did not conclude that Mr. Fedor committed negligence, however. Instead, the trial court assumed for purposes of discussion that the first two elements of the legal malpractice claim were present and granted summary judgment on the issue of proximate cause as discussed above. *See Shoemaker*, 118 Ohio St.3d 226, 2008-Ohio-2012, at ¶ 8. Mr. Bernardini's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DECLARING THAT A CLAIM FOR COMMON LAW FRAUD CANNOT BE BROUGHT WITHIN A LEGAL MALPRACTICE CASE.

**{¶8}** In his final assignment of error, Mr. Bernardini argues that the trial court erred by granting summary judgment to Mr. Fedor on his claim for fraud based on the conclusion that a fraud claim cannot be stated apart from a claim for legal malpractice. The trial court concluded, however, that "the fraud claim is in reality a legal malpractice claim[,]" so it is unclear whether the trial court actually decided that "a claim for common law fraud cannot be brought within a legal malpractice case." For that reason, and in light of our resolution of Mr. Bernardini's first assignment of error, his third assignment of error is premature, and we decline to address it at this time.

### III.

**{¶9}** Mr. Bernardini's first assignment of error is sustained. His second assignment of error is overruled. His third assignment of error is premature, and we decline to address it at this time. The judgment of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.


APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

JAMES O'CONNOR and HOLLY MARIE WILSON, Attorneys at Law, for Appellee.