[Cite as *Duchene v. Finley*, 2015-Ohio-387.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Kristy M. Duchene, et al.                                         Court of Appeals No. L-13-1256

    Appellants                                                      Trial Court No. CI0201204752

v.

Ross E. Finley, et al.                                            **DECISION AND JUDGMENT**

    Appellees                                                       Decided:  January 30, 2015

* * * * *

Robin E. Fuller, for appellants.

Paul R. Bonfiglio, for appellees.

* * * * *

**SINGER, J.**

{¶ 1} Appellants, Kristy M. and Jason Duchene and their two minor children, appeal from the October 15, 2013 judgment of the Lucas County Court of Common Pleas granting summary judgment to appellees, Ross E. Finley and Smiley Tire & Retreading, and dismissing the complaint of appellants.  Because we find summary judgment was appropriate, we affirm.

**{¶ 2}** This case arises out of an automobile accident which occurred on August 11, 2010, involving appellant Kristy Duchene, and appellee Finley, who was driving a truck owned by appellee Smiley Tire and Retreading. The Duchenes asserted in their complaint that Finley negligently struck Kristy Duchene's vehicle from the rear causing damage to her vehicle and physical injuries to her. The Duchenes also asserted that Smiley Tire and Retreading was negligent for permitting Finley to drive when they knew or should have known that he was an incompetent driver. Appellees admitted the accident occurred, but asserted the defense of a sudden medical emergency.

**{¶ 3}** Appellees sought summary judgment arguing that because Finley suffered a sudden, unexpected loss of consciousness, which he could not have reasonably foreseen, he could not be held liable for the damages he caused. In support of their motion, appellees presented the affidavit of Dr. Albert Kolibash, a practicing cardiologist, who attested that after reviewing Finley's medical records, it was his opinion that Finley had a sudden loss of consciousness which caused the accident and that there was nothing in his medical history that would have put him at risk of losing consciousness while operating a motor vehicle. Dr. Kolibash further opined that Finley's sudden loss of consciousness was due to an underlying conduction system disease that was not clinically apparent and that Finley was asymptomatic until that moment.

**{¶ 4}** Appellants opposed the motion arguing that Finley had multiple health issues prior to the accident and, therefore, should have known that a sudden loss of consciousness was possible, and that he should not have been driving. Appellants

2.

submitted the affidavit of a nurse who reviewed and outlined Finley's medical history. She summarized that he has "memory impairment from a history of strokes, several incidents of confusion, difficulty speaking, thinking clearly and memory loss since 2008." The records further showed that Finley suffered a stroke in 2009 and was "diagnosed more than once with atrial fibrillation beginning in 2008." The nurse further attested that "[a]trial fibrillation can cause loss of consciousness." The nurse also reviewed the medical records from the emergency room where Finley was taken after the accident. From those records she attested that Finley "had filled a prescription for Ambien the morning of the accident * * * and two of those pills were missing." The nurse also concluded by attesting that "Finley suffered from several medical diagnoses which caused or could have cause [sic] loss of consciousness, confusion and/or memory loss."

{¶ 5} The trial court found that the nurse was unable to give a medical opinion or testify regarding causation and, therefore, no conclusion could be drawn by the nurse's affidavit to dispute the testimony of Dr. Kolibash. Furthermore, appellants submitted an unauthenticated driver abstract the indicated Finley had an accident in 2012. Appellants also submitted evidence of an accident in 2010, which the court disregarded as irrelevant.

{¶ 6} Finding that appellants did not present evidence to dispute the opinion of Dr. Kolibash, the trial court found that there was no genuine issue of material fact. Therefore, the trial court granted summary judgment to appellees, and dismissed the

3.

complaint of appellants. Appellants then sought an appeal to this court from that judgment.

{¶ 7} On appeal, appellants assert two assignments of error:

I. FIRST ASSIGNMENT OF ERROR.

THE COURT MISCONSTRUED THE APPLICATION OF CIVIL RULE 56(E) AND O.R.C. SECTION 4723.151(A) AS IT WAS APPLIED IN THIS CASE.

II. SECOND ASSIGNMENT OF ERROR.

THE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS-APPELLANTS [sic] AS THE ISSUE OF SUDDEN MEDICAL EMERGENCY IS BEST DECIDED BY A TRIER OF FACT.

{¶ 8} The appellate court reviews the grant of summary judgment under a de novo standard of review. *Doe v. Shaffer,* 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Applying the requirements of Civ.R. 56(C), we uphold summary judgment when it is clear "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co., Inc.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Once the moving party has identified the issues where there is no

4.

genuine issue of material fact and the issue can be determined as a matter of law, the non-moving party must come forward with specific facts to show that there is a genuine issue for trial. *Dumas v. Estate of Dumas*, 68 Ohio St.3d 405, 408, 627 N.E.2d 978 (1994).

{¶ 9} The sudden medical emergency defense is a complete defense to liability in a motor vehicle negligence case. *Roman v. Estate of Gobbo*, 99 Ohio St.3d 260, 2003-Ohio-3655, 791 N.E.2d 422, ¶ 1, quoting *Lehman v. Haynam*, 164 Ohio St. 595, 133 N.E.2d 97 (1956), paragraph two of the syllabus. The defendant bears the burden of proving the defense by a preponderance of the evidence. *Gobbo* at paragraph two of the syllabus, quoting *Lehman* at paragraph three of the syllabus.

{¶ 10} On appeal, appellant asserts in her first assignment of error that the nurse's affidavit did not contain an opinion and was presented solely to present Finley's medical history to the jury. First, we disagree with appellant's statement that the nurse's affidavit did not contain her opinion. The nurse did opine in her affidavit that Finley "suffered from several medical diagnoses which caused or could cause loss of consciousness, confusion and/or memory loss." She also opined that atrial fibrillation can cause loss of consciousness. Nonetheless, we address the issue raised by appellant on appeal, which is whether the factual evidence presented through the affidavit was sufficient to raise a genuine issue of material fact by discrediting the expert's medical opinion.

{¶ 11} Expert testimony on the element of proximate cause is not required in every case to establish negligence. The need for expert testimony depends on the nature of the negligence claim and the circumstances. *Bernardini v. Fedor*, 9th Dist. Wayne No.

5.

12CA0063, 2013-Ohio-4633, citing *Yates v. Brown*, 185 Ohio App.3d 742, 2010-Ohio-35, ¶ 18, 24 (9th Dist.).  Expert testimony is necessary whenever a factual issue is beyond the ordinary, common and general knowledge and experience of a layperson.  *Ramage v. Cent. Ohio Emergency Servs., Inc.,* 64 Ohio St.3d 97, 103, 592 N.E.2d 828 (1992) and *Darnell v. Eastman*, 23 Ohio St.2d 13, 261 N.E.2d 114 (1970), syllabus.  Generally, the determination of medical issues requires professional skill and judgment beyond that of an ordinary person.  *Crosswhite v. Desai*, 64 Ohio App.3d 170, 174, 580 N.E.2d 1119 (2d Dist.1989) (expert opinion is necessary in a medical malpractice because it involves the determination of special facts that can only be understood by a person with special training and experience).

{¶ 12} A nurse may testify as a lay witness providing an opinion.  Evid.R. 701 and *Bruce v. Junghun*, 182 Ohio App.3d 341, 2009-Ohio-2151, 912 N.E.2d 1144, ¶ 30 (10th Dist.).  A nurse may also render an expert opinion as to a medical issue about any matter in which she has expertise.  *Ramage v. Cent. Ohio Emergency Serv., Inc.*, 64 Ohio St.3d 97, 103, 592 N.E.2d 828 (1992) (nurse may testify as expert on nursing standard of care) and *Shilling v. Mobile Analytical Servs., Inc.*, 65 Ohio St.3d 252, 252-53, 602 N.E.2d 1154 (1992), syllabus ("witness who is not a physician, but who qualifies as an expert under Evid.R. 702, may give evidence that would be relevant to diagnosis of a medical condition if the testimony is within the expertise of the witness.").

{¶ 13} However, a nurse cannot testify as a medical expert on the issue of a medical diagnosis because that matter is outside her medical expertise.  R.C. 4723.151(A)

6.

("[m]edical diagnosis, prescription of medical measures, and the practice of medicine or surgery or any of its branches by a nurse are prohibited"); R.C. 4731.08 and 4731.34 (the practice of medicine, including the diagnosis of an adverse health condition and the prescription of a course of treatment for its management and care, is limited to licensed physicians); and *Hager v. Fairview Gen. Hosp.*, 8th Dist. Cuyahoga No. 83266, 2004-Ohio-3959, ¶ 46 (nurse could not qualify as an expert because the cause of the decedent's dental condition was outside her knowledge, skill, and expertise).

{¶ 14} We agree that the jury is not required to accept the medical opinion of an expert and we agree that appellants could attack the credibility of the medical expert without producing their own medical expert opinion since they did not bear the burden of proof at trial. When there is "evidence from which the jury could have found that the assumptions underlying the medical experts' opinions were inaccurate or incomplete, the jury is not required to credit the medical experts' opinions with respect to the issue of causation." *Marsico v. Skrzypek*, 9th Dist. Lorain No. 13CA010410, 2014-Ohio-5185, ¶ 35, citing *Butler v. Stevens*, 2d Dist. Montgomery No. 22822, 2009-Ohio-2775, ¶ 52.

{¶ 15} Nonetheless, even when we consider only the nurse's summation of the medical facts and not her opinions in this case, her statements do not discredit the medical expert's opinion that a loss of consciousness was not foreseeable. The significance of the medical facts are not within common knowledge and therefore, without the aid of an expert's medical opinion, we find as a matter of law that a jury could only find that the medical records support the medical opinion of appellees' expert.

7.

Without any evidence to contradict the medical expert's opinion, we find that there is no genuine issue of material question of fact regarding the issue of whether Finley's unconsciousness was foreseeable and appellees were entitled to summary judgment. Appellants' first assignment of error is found not well-taken.

{¶ 16} In their second assignment of error, appellants argue that the trial court abused its discretion by granting summary judgment to appellees when there was a question of fact as to whether there had been a sudden medical emergency.

{¶ 17} Summary judgment does not involve the trial court's discretionary powers. Rather, summary judgment is granted as a matter of law whenever there is insufficient evidence to raise a question of fact on a material issue.  Therefore, because we have found that there was no genuine issue of material fact regarding the defense of sudden medical emergency, appellant's second assignment of error is not well-taken.

{¶ 18} Having found that the trial court did not commit error prejudicial to appellants, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                                          _____

                                                                           JUDGE

Arlene Singer, J.

                                          _____

James D. Jensen, J.                                            JUDGE
CONCUR.

                                          _____

                                                                           JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.