DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Kathleen Haas ("Haas"), and her minor children, Madeline Bauer and Cecily Bauer, appeal from the decision of the Lorain County Court of Common Pleas which granted summary judgment to Appellees, Sam R. Bradley and R.J. Budway. This Court affirms.
 {¶ 2} Appellants filed a pro se complaint against Appellees on October 21, 2003, after Appellees represented Haas in divorce proceedings against her former husband, Mark Bauer. The complaint set forth one count each of the following: negligence, "liability of particular acts," breach of contract, "violation of statute" (Disciplinary Rule 6-102(A)), and punitive damages. Haas requested relief in the amount of $200,000 in compensatory damages, $200,000 in punitive damages, plus $50,000 for fees and costs.
 {¶ 3} Haas hired Appellees on June 21, 2002, after her proceedings in domestic relations court were pending for nearly two years. Prior to hiring Appellees, Haas was represented by attorney Douglas Brill, who withdrew as counsel for Haas in January 2002. Haas was subsequently represented by attorney David Arnold, including when she signed a Separation and Shared Parenting Agreement on May 23, 2002. Haas later rescinded the agreement on June 4, 2002, claiming she had entered into the agreement under duress. David Arnold filed a motion for leave to withdraw as Haas' counsel on June 7, 2002, which the trial court approved.
 {¶ 4} Appellees entered an appearance on behalf of Haas on June 25, 2002, at which time all parties and their counsel appeared at a contested hearing regarding several outstanding motions, as well as the separation and shared parenting agreement. On July 11, 2002, Mark Bauer filed a motion to enforce the settlement agreement and shared parenting plan. A hearing was conducted in July 2002, in which Haas testified that she signed the agreements under duress. The trial court held that the agreements were binding and enforceable, specifically noting that Haas' testimony lacked credibility and that she had signed the agreements without duress or undue influence being exerted upon her.
 {¶ 5} On September 13, 2002, without consulting either Appellee, Haas filed a pro se motion to vacate the order. Consequently, Appellee Budway filed a motion to withdraw as Haas' counsel, citing her intent to represent herself as the basis for his inability to continue. The trial court filed another judgment entry on October 23, 2002, which incorporated the terms of the shared parenting plan and separation agreement. Haas filed a pro se post-decree motion for Findings of Fact and Conclusions of Law, which was denied by the domestic relations court. On November 22, 2002, she filed a pro se Notice of Appeal with this Court. Subsequent to her pro se notice of appeal, Haas filed several other post-decree motions, and this Court granted her motion to stay and remanded the matter to the trial court, which denied her motions. Haas then commenced the complaint against Appellees on October 21, 2003.
 {¶ 6} In a decision dated February 4, 2004, this Court subsequently affirmed the judgment of the trial court in Haas v.Bauer, 156 Ohio App.3d 26, 2004-Ohio-437. Later that same month, with leave of court, Haas filed an amended complaint adding David G. Arnold ("Arnold") and Weston, Hurd, Paisley Howley, LLP, ("Weston, Hurd") as defendants. Arnold and Weston, Hurd filed a motion to dismiss the amended complaint in March 2004, and Appellees filed separate summary judgment motions on April 7, 2004, each supported with affidavits. Haas filed a brief in opposition to Appellees' summary judgment motions on June 14, 2004, with her own affidavit.
 {¶ 7} Haas' new counsel, Lanene M. Meslat, entered her notice of appearance on June 18, 2004. On June 30, 2004, the trial court dismissed the amended complaint against Arnold and Weston, Hurd, and granted summary judgment for Appellees Sam Bradley and R.J. Budway on July 2, 2004.
 {¶ 8} On July 6, 2004, Haas filed a pro se motion for reconsideration regarding Arnold's and Weston, Hurd's motion to dismiss. On July 7, 2004, Lanene Meslat moved to withdraw from representation because of Haas' filing a pro se motion. Haas filed three additional pro se motions between July 7 and July 9, 2004. The trial court filed a judgment entry on July 13, 2004, which stated:
"This matter came on for consideration of Plaintiffs' Motion for Transfer of Action to Jurisdiction, Motion for Stay on Proceedings, Motion to Correct the Record and Motion for Hearing. As this Court granted final judgment on this matter dismissing Plaintiffs' cause of action, Plaintiffs' Motions are hereby denied as moot."
 {¶ 9} The trial court filed a second judgment entry on July 13, 2004, which denied Haas' Motion to Vacate and/or Reconsider Entry Granting [Arnold's] Motion to Dismiss and Motion for Reconsideration and Oral Hearing on [Arnold and Weston, Hurd's] Motion to Dismiss. The court also denied Haas' Motion to Withdraw as Attorney of Record and Motion for Leave to Supplement Brief in Opposition to [Appellees'] Motion for Summary Judgment. The court concluded, "As final judgment was rendered on July 9, 2004, [Haas'] motions are hereby denied as moot."
 {¶ 10} Haas filed a motion for finding of facts and conclusion of law on July 15, 2004, regarding the trial court's granting summary judgment to Appellees, a motion for a new trial regarding the dismissal of Mr. Arnold and Weston, Hurd, plus a motion for a new trial regarding the summary judgment decision in favor of Appellees. The trial court denied all of these motions on July 19, 2004.
 {¶ 11} Haas filed her notice of appeal with this Court regarding the summary judgment decision of July 2, 2004, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The court committed reversible error by improperly applying the standard of review to grant summary judgment to the Appellees."
 {¶ 12} In her first assignment of error, Haas asserts that the trial court erred when it improperly applied the correct standard of review when it granted summary judgment in favor of Appellees. Specifically, Haas asserts that the trial court "failed to consider and review all the pleadings and the evidence in the most favorable light to [her], * * * and failed [to] address all causes for action brought against the [A]ppellees in the pleadings[.]" We disagree.
 {¶ 13} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Unlike an abuse of discretion standard, a de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C); Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2.
 {¶ 14} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 15} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Civ. R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 16} In her brief, Haas asserts the trial court "selectively reviewed" the pleadings when it granted summary judgment for Appellees. She argues that Appellees committed breach of contract and breach of fiduciary duty during the course of their representation, although she does concede that these individual causes of action, among the others she cites, "fall under the umbrella of legal malpractice."
 {¶ 17} To establish a cause of action for legal malpractice based on negligent representation, one must show (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; (3) the attorney's failure to conform to the standard required by law; and (4) a causal connection between the conduct complained of and the resulting damage. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 427. The attorney's duty is to "exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent[.]" Palmer v. Westmeyer (1988), 48 Ohio App.3d 296,298.
 {¶ 18} Additionally, in an action for legal malpractice, one must set forth expert testimony to establish an attorney's alleged malpractice or breach of duty and care, unless the breach is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen. Bloom v.Dieckmann (1983), 11 Ohio App.3d 202, 203. Furthermore, an affidavit from the acting attorney is a legally sufficient basis upon which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff. See Hoffman v. Davidson
(1987), 31 Ohio St.3d 60, 62 (finding that the treating physician's affidavit was a sufficient basis to grant summary judgment as to medical malpractice claim since plaintiff failed to counter the affidavit with an opposing expert's affidavit).
 {¶ 19} After Haas filed a pro se motion in September 2002, Appellees withdrew as counsel for Haas with leave of court. Neither Appellee had represented Haas when the separation and shared parenting agreements were drafted, and Haas' fee agreement stated:
"You are hiring Attorney Sam R. Bradley and Attorney Budway to represent you on the following matter(s):
Go to trial on Divorce action on July 29, 2002 and July 30, 2002 before Judge Lilly. Handle the Motions filed by Attorney Reddy, which are set for hearing on June 25, 2002 at 10:00 AM. File Motion for Judge Lilly to interview minor children in chambers."
When Haas entered into a contract with both Appellees, she was already bound by the terms of the shared parenting and separation agreement, which the trial court journalized and declared valid and enforceable. Appellees represented Haas at a hearing in order to defend her against this agreement. However, in its journal entry dated August 23, 2002, the trial court made the following findings of fact:
"45. That in reviewing the testimony and the written evidence submitted in this matter, the Court finds that the testimony of Ms. Haas lacks credibility, and that the balance of the evidence supports a finding that the written agreements were signed by her with her knowledge and assent to the terms of each agreement, and without duress or undue influence being exerted upon her.
"46. [Haas'] efforts after the meeting of May 23, 2002 and her execution of the documents, is nothing more than an attempt to rescind the agreements."
 {¶ 20} This Court cannot say that Haas has presented sufficient evidence to prove her malpractice claims against either Appellee. Haas remains in the same position as she was prior to hiring Appellees, as the terms of the shared parenting and separation agreement were already in place. We can find no evidence that either Appellee failed to use his best professional judgment in determining the most successful tactics to defend Haas in the enforcement of the separation and shared parenting agreement.
 {¶ 21} Furthermore, Haas presented no expert testimony to support her malpractice claim, while Appellees supported their summary judgment motions with their own affidavits. In response, Haas did not attach an expert's affidavit, but instead provided her own affidavit with her brief in opposition to support her argument that Appellees "never fulfilled their contract obligations to [her] and as a consequence to their breach of contract obligations [she and her minor children] have and continue to suffer injury and damages." Haas also states that she has suffered "tremendous emotional upset, and has been force to attempt to the best of her abilities to legally correct these circumstances including those involving [Appellees]," and "the financial burden placed upon [Haas] is the result of a breach of contract, abuse of the Court system and Ohio statute, duress, misrepresentation, fraud and false representation of [Haas'] former counsel[.]"
 {¶ 22} This Court has previously addressed the merits of such a situation in Hooks v. Ciccolini, 9th Dist. No. 20745, 2002-Ohio-2322, at ¶ 12, when we stated:
"However, `[a] party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to overcome a properly supported motion for summary judgment]. In other words, when the moving party puts forth evidence tending to show there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party.'" (Citations omitted.)
Here, we do not find that the alleged malpractice was so obvious as to negate the need for expert testimony. See Bloom,11 Ohio App.3d at 203. Haas has failed to demonstrate that a genuine issue of material fact exists, and we find the trial court properly granted summary judgment to Appellees on the basis that Haas failed to support her claims for legal malpractice.
 {¶ 23} This Court finds that Haas' minor children, who are also Appellants in this suit, did not have a contractual relationship with either Appellee and therefore neither child has a cause of action against Appellees. The Ohio Supreme Court addressed a similar issue to the one raised in the instant case in Scholler v. Scholler (1984), 10 Ohio St.3d 98. In this case, a mother filed a complaint on behalf of herself and her minor son against her ex-husband and her former attorney regarding the terms of the couple's separation agreement. The complaint alleged that her son was entitled to recover for her former attorney's alleged malpractice. The trial court granted summary judgment in favor of the attorney, stating that the attorney owned no duty to the minor child and that the minor child was not in privity with his mother during the course of the separation agreement negotiations. The Court held:
"An attorney who represents a spouse in the negotiation of a separation agreement relative to a marriage dissolution action does not simultaneously, automatically represent the interests of a minor child of the marriage." Id, at paragraph two of the syllabus.
 {¶ 24} In the instant case, Appellants Madeline and Cecily Bauer claim that their interests were not adequately reflected in the shared parenting plan and separation agreement. However, as in Scholler, neither Madeline nor Cecily Bauer had a contractual agreement with the Appellees, and, therefore, no duty between them and Appellees was established. We agree with the trial court's conclusion that the minor children, as Appellants, may not maintain an action for malpractice against Appellees.
 {¶ 25} Haas' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The court committed reversible error by denying the Appellant's motion for findings of fact and conclusions of law."
 {¶ 26} In her second assignment of error, Haas maintains that the trial court erred in denying her motion for findings of facts and conclusions of law. As we held above that the trial court correctly granted summary judgment for Appellees, we need not address this assignment of error.
 {¶ 27} We overrule Appellants' first assignment of error, decline to address the second assignment of error and affirm the judgment of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Moore, J., Concur.