[Cite as *Yates v. Barilla*, 2012-Ohio-3876.]

STATE OF OHIO )  IN THE COURT OF APPEALS
 )ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

JANET YATES

    Appellant

    v.

JAMES V. BARILLA

    Appellee

C.A. No.      11CA010055

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CV167674

DECISION AND JOURNAL ENTRY

Dated: August 27, 2012

CARR, Judge.

{¶1} Plaintiff-Appellant, Janet Yates, appeals from the judgment of the Lorain County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, James Barilla. This Court affirms.

I.

{¶2} Barilla was one of several attorneys Yates hired to represent her during her divorce. Barilla's representation of Yates resulted in an agreed upon divorce decree, which the court entered on June 14, 2007. In June 2008, Yates filed a legal malpractice action against Barilla, arising out of his performance during the divorce proceedings. Yates dismissed her original claim without prejudice in May 2009, but re-filed it on May 20, 2010. Barilla ultimately moved for summary judgment on the bases that (1) Yates never obtained an expert to opine that his conduct fell below a reasonable standard of care, (2) his conduct did not fall below that standard, and (3) Yates failed to set forth any evidence that she was damaged as a result of his

representation. Yates responded in opposition, and Barilla filed a reply brief. On July 27, 2011, the trial court granted summary judgment in favor of Barilla.

{¶3} Yates now appeals from the trial court's judgment and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT JAMES BARILLA.

{¶4} In her sole assignment of error, Yates argues that the trial court erred by granting Barilla's motion for summary judgment. Specifically, she argues that she was not required to retain an expert witness to sustain her malpractice claim.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe–Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper if:

No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶8} To prevail on such a claim for legal malpractice, a plaintiff must demonstrate "(1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; (3) the attorney's failure to conform to the standard required by law; and (4) a causal connection between the conduct complained of and the resulting damage." *Haas v. Bradley*, 9th Dist. No. 04CA008541, 2005-Ohio-4256, ¶ 17. The attorney's duty is to "exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent[.]" *Id.*, quoting *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 298 (6th Dist.1988). "[I]n an action for legal malpractice, one must set forth expert testimony to establish an attorney's alleged malpractice or breach of duty and care, unless the breach is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen." *Yates v. Brown*, 185 Ohio App.3d 742, 2010-Ohio-35, ¶ 18 (9th Dist.), quoting *Haas* at ¶ 18. "Furthermore, an affidavit from the acting attorney is a legally sufficient basis upon which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff." *Haas* at ¶ 18.

{¶9} The first ground upon which Barilla sought summary judgment was that Yates failed to retain an expert to opine that Barilla's conduct in representing her fell below the objective standard of care required of him. In support of his motion, Barilla filed an affidavit in which he averred that he represented Yates for a time in her divorce action, negotiated the matter to a favorable settlement with her approval, and complied with the applicable standards of care relevant to an attorney involved in a divorce proceeding. Assuming that expert witness testimony was necessary here, Barilla's affidavit sufficed to satisfy his initial *Dresher* burden. *See id.* Yates argues that expert testimony was unnecessary, however, because her malpractice claim alleged conduct within the general experience and knowledge of a layman. Yates raised the same argument in a related suit: *Yates v. Brown*, 2010-Ohio-35.

{¶10} *Yates* arose from a legal malpractice action that Yates filed against Jeffrey Brown, another one of her former divorce attorneys. The trial court granted summary judgment to Brown because Yates failed to secure an expert witness to testify that Brown had breached the professional standard of care. *Yates* at ¶ 26. As in this appeal, Yates appealed from the trial court's judgment in favor of Brown on the basis that expert testimony was unnecessary because Brown's breach of the standard of care was so obvious that even a layman could discern it. *Id.* at ¶ 23. This Court rejected Yates' argument, noting that multiple attorneys were involved in her representation and that, because Yates had sued more than one of those attorneys for malpractice, the trial court did not err by determining that expert testimony was necessary. *Id.* at ¶ 24. We concluded that "expert testimony would be critical under these circumstances to determining causation and either parsing or eliminating liability." *Id.*

{¶11} Barilla also relied upon this Court's decision in *Yates* in support of his motion for summary judgment as well as the testimony from Yates' deposition. In her deposition taken in

this case, Yates responded to a question about what harm her other lawyer, Brown, had caused her. Yates responded: "It's hard to separate whose fault what is * * *." She also responded affirmatively when asked if she had retained Barilla "at a time when there was a lot of bad things going on * * *[.]" Given our conclusion in *Yates* that the underlying divorce proceeding in this matter would make it difficult to determine causation and/or liability and Yates' own admission in this case that it was difficult to assign fault due to the nature of the proceedings, we cannot agree with Yates' assertion that this was a matter within the ordinary knowledge or experience of laymen. Accordingly, to meet her reciprocal *Dresher* burden, Yates was required to substantiate her claim with expert testimony. *Yates* at ¶ 20. Yates concedes that she did not produce expert testimony. As such, she failed to meet her reciprocal burden, and the trial court did not err by granting Barilla's motion for summary judgment. *Id.* at ¶ 26; *Hass*, 2005-Ohio-4256, at ¶ 18. Yates' sole assignment of error is overruled.

### III.

{¶12} Yates' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JANET YATES, pro se, Appellant.

JOHN T. MURPHY and JAMIE A. PRICE, Attorneys at Law, for Appellee.