[Cite as *Heiland v. Smith*, 2013-Ohio-134.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ERIC HEILAND

    Appellant

    v.

TIMOTHY SMITH, et al.

    Appellees

C.A. No.     11CA010137

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     10CV168480

DECISION AND JOURNAL ENTRY

Dated: January 22, 2013

---

BELFANCE, Judge.

{¶1} Eric Heiland appeals the trial court's award of summary judgment. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} Mr. Heiland retained Timothy Smith to represent him in his divorce proceedings. It is undisputed that communication problems plagued the attorney-client relationship, though neither party agrees who was responsible for the problems. Mr. Heiland filed a complaint alleging that Mr. Smith had committed malpractice while representing him. He also named Mr. Smith's law firm, Smith and Smith Attorneys, as a co-defendant.

{¶3} Issues arose during the discovery process, leading to the defendants filing a motion to compel discovery, which the trial court granted. Despite this order, however, Mr. Heiland failed to respond to the defendants' requests for discovery, and the defendants filed a motion to dismiss the case. The trial court granted the motion in part, ordering Mr. Heiland to

pay the defendants' attorney fees, but the court denied the defendants' request to dismiss the case.

{¶4}    On March 2, 2011, prior to defendants filing their motion to dismiss, Mr. Heiland served the defendants with a request for admissions to be answered by March 30, 2011.  In that request, Mr. Heiland asked Mr. Smith to admit that he breached the applicable standard of care.  However, the defendants did not timely respond to Mr. Heiland's request, although responses were submitted after the response deadline.

{¶5}    The defendants moved for summary judgment on August 31, 2011, and attached an affidavit from Mr. Smith to their motion.  In his affidavit, Mr. Smith averred that his conduct during his time representing Mr. Heiland did not fall beneath the standard of care.  The defendants argued that summary judgment was proper because Mr. Heiland had failed to obtain an expert opinion supporting his claim that Mr. Smith's actions had fallen beneath the standard of care.  Mr. Heiland filed a response to the defendants' motion for summary judgment, arguing that an expert opinion was unnecessary in light of Mr. Smith's admission that he breached the standard of care.

{¶6}    The defendants subsequently filed a reply brief in support of their motion for summary judgment and a motion to withdraw or amend their admissions.  Mr. Heiland opposed the defendants' motion, arguing that granting the defendants' motion would prejudice him given that discovery was closed and a motion for summary judgment was pending.  The trial court granted the defendants' motion to amend the answers and ordered that it would "accept

Defendants' Answers to Plaintiff's Request for Admissions as timely produced." It also immediately granted the defendants' motion for summary judgment.[1]

{¶7} Mr. Heiland has appealed, raising three assignments of error for our review. For ease of discussion, we have consolidated his first and second assignments of error.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN APPLYING THE STANDARD OF REVIEW FOR SUMMARY JUDGMENT TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING DEFENDANTS' MOTION TO MODIFY, WITHDRAW[] AND/OR AMEND THEIR ANSWERS OVER PLAINTIFF'S OBJECTIONS AND IN ACCEPTING DEFENDANTS' ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS AS TIMELY PRODUCED[] OVER PLAINTIFF'S OBJECTIONS, EVIDENCE, AND WITHOUT ALLOWING PLAINTIFF TO PROVIDE FURTHER EVIDENCE, TO PLAINTIFF'S SUBSTANTIAL PREJUDICE AND AGAINST SUBSTANTIAL JUSTICE AND PLAINTIFF'S DUE PROCESS RIGHTS.

{¶8} In Mr. Heiland's first assignment of error, he argues that the trial court erred in awarding summary judgment to the defendants. In his second assignment of error, he argues that it was an abuse of discretion for the trial court to accept the untimely answers to his requests for admissions.

{¶9} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving

---

[1] The journal entries granting the defendants' motions to amend and summary judgment were both filed at 3:00 p.m. on November 22, 2011.

any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011–Ohio–1519, ¶ 8.

> {¶10} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:
>
> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶11} To prevail on a claim of legal malpractice, a plaintiff must demonstrate "(1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; (3) the attorney's failure to conform to the standard required by law; and (4) a causal connection between the conduct complained of and the resulting damage." (Internal quotations and citation omitted.) *Yates v. Barilla*, 9th Dist. No. 11CA010055, 2012-Ohio-3876, ¶ 8. "The attorney's duty is to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent[.]" (Internal quotations and citation omitted.) *Id*. "[I]n an action for legal malpractice, one must set forth expert testimony to establish an attorney's alleged malpractice or breach of duty and care, unless the breach is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen." (Internal quotations and citation omitted.)

*Id*. "Furthermore, an affidavit from the acting attorney is a legally sufficient basis upon which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff." (Internal quotations and citation omitted.) *Id*.

{¶12} The defendants submitted the affidavit of Mr. Smith with their motion for summary judgment. In his affidavit, Mr. Smith averred that he was a practicing attorney. He also averred that he met the standard of care for an attorney and that he conducted his representation of Mr. Heiland with the appropriate diligence and skill. Thus, the defendants met their initial burden to demonstrate that there was no material dispute of fact as to Mr. Smith's alleged breach of his duty of care.

{¶13} In turn, Mr. Heiland met his reciprocal burden, by pointing to his request for admission that Mr. Smith's "conduct fell below the good standard of care required to breach his duty of care to his client [Mr. Heiland], proximately causing [Mr. Heiland] actual damages." It is undisputed that Mr. Smith failed to timely respond to Mr. Heiland's request for admissions, and, thus, at the time appellees filed their motion for summary judgment, Mr. Smith had essentially admitted that he committed malpractice. *See* Civ.R. 36(A)(1) (A "matter is admitted unless, within a period designated in the request, * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter * * *." ). *See also* Civ.R. 36(B) and *L.E. Sommer Kidron, Inc. v. Kohler*, 9th Dist. No. 06CA0044, 2007-Ohio-885, ¶ 45, citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985) ("It is well settled in Ohio that unanswered requests for admissions cause the matter requested to be conclusively established for the purpose of the suit * * *."). Accordingly, this admission would suffice to create a material dispute of fact and make an award of summary judgment to the appellees inappropriate.

**{¶14}** However, the defendants moved to amend Mr. Smith's admissions after Mr. Heiland had filed his response to their motion for summary judgment, and the trial court granted their request, removing Mr. Heiland's basis for demonstrating a dispute of material fact. It then simultaneously granted appellees' motion for summary judgment without allowing Mr. Heiland a reasonable period of time to secure an expert to opine that Mr. Smith committed malpractice. While a court may allow a party to withdraw or amend their admissions, *see* Civ.R. 36(B), we agree that, under these circumstances, the trial court erred in allowing the amendment and then immediately awarding summary judgment.[2]

**{¶15}** However, the appellees argue that we should affirm the trial court's decision because Mr. Heiland never raised the untimeliness of the response to the request for admission prior to summary judgment. However, Mr. Heiland did not have to object to the timeliness of the defendants' response to his request for admissions; under Civ.R. 36(A)(1), they were automatically admitted. *See Marusa v. Brunswick*, 9th Dist. No. 04CA0038-M, 2005-Ohio-1135, ¶ 20. It was up to the defendants to move to withdraw or amend their responses, which they did not do until after Mr. Heiland had filed his response to their motion for summary judgment approximately six months later.

**{¶16}** The appellees also argue that Mr. Heiland had no right to rely on the admissions given that they responded to the request at most six days after they were due. In support, they point to *Kutscherousky v. Integrated Communications Solutions, LLC*, 5th Dist. No. 2004 CA 00338, 2005-Ohio-4275. However, *Kutscherousky* is not analogous given that "the time frame for discovery had not expired and was not close to expiring; there was no response to the motion

---

[2] We express no opinion as to the propriety of the trial court allowing the amendment under Civ.R. 36(B) as a general matter, but address Mr. Heiland's argument that it was error to do so in the context of ruling on the appellees' summary judgment motion.

for summary judgment or any other action on the part of appellee in reliance upon the requests for admissions[.]" *See id*. at ¶ 23. By contrast, in this case, discovery had been closed for months when the trial court allowed the defendants to amend Mr. Smith's admissions. Furthermore, Mr. Heiland had relied on the admissions in opposing summary judgment. As this Court has previously recognized, "[w]hile Civ.R. 36(B) emphasizes the importance of resolving a case on the merits, it also assures each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." (Internal quotations and citation omitted.) *L.E. Sommer Kidron, Inc.*, 2007-Ohio-885, at ¶ 53. "As [Mr. Heiland] followed the applicable civil rules, [he was] justified in relying upon [the defendants'] admission and should not be prejudiced by that reliance." *Id.*

{¶17} The trial court's decision to grant the defendants' motion to amend their admissions after Mr. Heiland had opposed summary judgment in reliance on the admissions was unreasonable, and its simultaneous award of summary judgment based upon the amended admissions was improper. Accordingly, Mr. Heiland's first and second assignments of error are sustained.

## ASSIGNMENT OF ERROR III

THE FRAUDS PERPETRATED BY DEFENDANTS AND DEFENDANTS' COUNSEL HAVE SO CORRUPTED THE PLAINTIFF'S LEGAL A DUE PROCESS RIGHTS, SERIOUSLY PREJUDICING APPELLANT-PLAINTIFF, THAT THE TRIAL COURT ERRED IN DETERMINING GRANTING SUMMARY JUDGMENT AS A MATTER OF LAW, DAMAGING THE JUDGMENT AND JURISDICTION OF THE COURT.

{¶18} In Mr. Heiland's third assignment of error, he argues that the trial court erred when it awarded summary judgment to the defendants because the defendants had committed fraud. In light of our resolution of his first two assignments of error, this argument is moot, and, therefore, we decline to address it. *See* App.R. 12(A)(1)(c). Mr. Heiland also argues

"Defendants' Admissions should continue to be deemed admitted and summary judgment granted for [him.]" However, Mr. Heiland never filed a motion for summary judgment, and, thus, his third assignment of error is overruled in part.

### III.

**{¶19}** We sustain Mr. Heiland's first and second assignments of error. Mr. Heiland's third assignment of error is moot in part and overruled in part. The judgment of the Lorain County Court of Common Pleas is reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

                             _____

                             EVE V. BELFANCE
                             FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ERIC HEILAND, pro se, Appellant.

NICHOLAS D. SATULLO and JAMES O'CONNOR, Attorneys at Law, for Appellees.