[Cite as *Rosen v. Lax*, 2016-Ohio-182.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MICHAEL ROSEN

      Appellant

      v.

SUSAN LAX, et al.

      Appellee

C.A. No.     27367

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2013 07 3363

DECISION AND JOURNAL ENTRY

Dated: January 20, 2016

---

HENSAL, Presiding Judge.

{¶1} Plaintiff-Appellant, Michael Rosen, appeals from a judgment of the Summit County Court of Common Pleas granting summary judgment to Defendants-Appellees, Susan Lax and Susan J. Lax R.N., MS, LLC (collectively, "Defendants"), and the court's imposition of sanctions. For the following reasons, we affirm in part, and reverse in part.

I.

{¶2} In 2010, Arvon Funding, LLC ("Arvon") initiated a collection action against Mr. Rosen, alleging that he owed over $3,000 on a commercial account. Arvon's interest in the alleged debt arose after the original creditor, Gordon Food Service, transferred its interest to Arvon for collection purposes. Mr. Rosen hired Ms. Lax to represent him in connection with the collection action.

{¶3} Several months after filing suit, Arvon moved for summary judgment. Mr. Rosen opposed Arvon's motion and submitted an affidavit, averring that he paid the disputed debt. He

also requested an additional 60 days to supplement his affidavit with evidence of payment, including bank statements and cancelled checks. Shortly thereafter, Arvon moved for sanctions, asserting that Mr. Rosen had been unresponsive to its discovery requests. Specifically, Arvon argued that Mr. Rosen had not produced documentation evidencing proof of payment.

{¶4} The trial court denied Arvon's motions for summary judgment and sanctions, and also denied Mr. Rosen's request to supplement. The trial court did, however, order Mr. Rosen to respond to Arvon's outstanding discovery requests by November 30, 2010.

{¶5} On the eve of the discovery deadline, Mr. Rosen gave Ms. Lax bank statements and carbon copies of checks, which he maintains evidenced proof of payment. It is undisputed that Mr. Rosen never gave Ms. Lax the cancelled checks. At his deposition, Mr. Rosen admitted that he intentionally withheld the cancelled checks because he had a "confidential agreement" with Greg Kroah, the representative from Gordon Food Service that handled Mr. Rosen's account. According to Mr. Rosen, he agreed not to produce the cancelled checks while Mr. Kroah remained employed with Gordon Food Service because "there was a possibility of misappropriation of funds" by Mr. Kroah. Mr. Kroah, therefore, "did not want the rear of the check, the endorsement to be disclosed."

{¶6} According to Ms. Lax, she timely produced the documents Mr. Rosen gave her to Arvon, but they were "inadequate, incomplete, and did not establish [Mr.] Rosen's defenses because they did not identify where and how the checks were deposited." The cancelled checks, she argues, would have established proof of payment and, thus, would have satisfied Arvon's discovery requests. As a result of the allegedly deficient discovery responses, Arvon filed a renewed motion for sanctions, asserting that Mr. Rosen failed to supply the requested documents, i.e., documents "substantiating payment" of the alleged debt.

{¶7}    The trial court granted Arvon's renewed motion for sanctions, finding that Mr. Rosen's discovery responses "did not include any documents or provide [Arvon] with any documentation whatsoever to support [his] attestations * * * that he has satisfied the balance owed to [Arvon] in full * * *." The court concluded that,

> [g]iven Defendants'[1] blatant and continuing failure to provide [Arvon] with documents that purportedly exist and would substantiate Defendants' defenses of payment and credits and set-offs due * * * the Court deems it appropriate to sanction Defendants * * *. Therefore, the Court will prohibit Defendants from presenting any defenses to [Arvon]'s claims at trial.

{¶8}    Shortly thereafter, Arvon filed a renewed motion for summary judgment, arguing, in part, that Mr. Rosen's inability to offer any defenses to Arvon's claims entitled it to judgment as a matter of law. Mr. Rosen opposed the motion, but the trial court granted summary judgment in favor of Arvon.

{¶9}    As a result of these adverse rulings, Mr. Rosen sued Ms. Lax, alleging breach of fiduciary duty, professional negligence, negligent misrepresentation, and legal malpractice. Mr. Rosen based his complaint, in part, on Ms. Lax's alleged failure to timely produce discovery documents, which resulted in sanctions and, ultimately, the grant of summary judgment in favor of Arvon.

{¶10}    Following a period of discovery, Defendants moved for summary judgment, arguing that Mr. Rosen could not prevail on his claims because he failed to produce an expert report opining that Ms. Lax breached the standard of care. In the alternative, Defendants argued that Ms. Lax's representation was not deficient. Defendants also moved for sanctions under Civil Rule 11, arguing that Mr. Rosen's complaint was frivolous because he intentionally withheld the cancelled checks in the Arvon case and, therefore, caused the discovery sanctions

---

[1] Arvon's collection complaint named a second-entity that appears to have been a d/b/a operated by Mr. Rosen.

that ultimately led to the award of summary judgment in favor of Arvon. Mr. Rosen opposed the motion for summary judgment and the motion for sanctions, but the trial court granted both and set a hearing date to determine the amount of attorney's fees Defendants were entitled to under Civil Rule 11.

{¶11} A hearing was held before a magistrate, during which the magistrate prohibited Mr. Rosen from challenging the decision to impose sanctions. Instead, the magistrate permitted the parties to introduce evidence related to the amount of attorney's fees expended in defense of the matter only. The magistrate's order recommended imposing sanctions for the entire amount of fees expended in defending the case, and Mr. Rosen objected. The trial court overruled his objections and adopted the magistrate's recommendation.

{¶12} Mr. Rosen has appealed, raising four assignments of error for our review. For ease of discussion, we have rearranged his assignments of error.

II.

ASSIGNMENT OF ERROR IV

THE COURT ERRED BY APPLYING [ITS] OWN STANDARD OF REVIEW TO APPELLEES['] MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS AND BY FAILING [TO] REVIEW ALL EVIDENCE PURSUANT TO CIVIL RULE 56(C) AND APPELLANTS (SIC) FAILURE TO TAKE NOTICE OF ADJUDICATIVE FACT AND FAILURE TO RECONSIDER THEIR (SIC) JUDGMENT BASED UPON THE NARROWNESS OF APPELLEE'S CLAIM, MADE WITHOUT EVIDENTIARY SUPPORT, ARISES TO AN ABUSE OF DISCRETION IN THE GRANT OF SUMMARY JUDGMENT.

{¶13} In his fourth assignment of error, Mr. Rosen argues that the trial court committed reversible error when it awarded summary judgment to Defendants. Specifically, Mr. Rosen argues that the trial court improperly applied the summary judgment standard because it did not

review all of the evidence submitted and failed to view the evidence in the light most favorable to him.

**{¶14}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party * * *." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8.

**{¶15}** Under Civil Rule 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E).

**{¶16}** As an initial matter, Mr. Rosen's complaint contained four separate causes of action against Defendants (negligent misrepresentation, professional negligence, breach of fiduciary duty, and legal malpractice), all of which were subsumed within his claim for legal malpractice. *Sandor v. Marks*, 9th Dist. Summit No. 26951, 2014-Ohio-685, ¶ 10, quoting *Illinois Natl. Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.,* 10th Dist. Franklin

No. 10AP–290, 2010–Ohio–5872, ¶ 15 ("When the gist of a complaint sounds in malpractice, other duplicative claims are subsumed within the legal malpractice claim.").

{¶17} "To establish a cause of action for legal malpractice based on negligence, the following elements must be proved: (1) an attorney-client relationship, (2) professional duty arising from that relationship, (3) breach of that duty, (4) proximate cause, (5) and damages." *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, ¶ 8. "The attorney's duty is to 'exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent[.]'" *Yates v. Barilla*, 9th Dist. Lorain No. 11CA010055, 2012-Ohio-3876, ¶ 8, quoting *Haas v. Bradley,* 9th Dist. No. 04CA008541, 2005–Ohio–4256, ¶ 17. In order to prevail on a claim of legal malpractice, a plaintiff "must set forth expert testimony to establish an attorney's alleged malpractice or breach of duty and care, unless the breach is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen." *Id*., quoting *Yates v. Brown*, 185 Ohio App.3d 742, 2010-Ohio-35, ¶ 18 (9th Dist.).

{¶18} In her motion for summary judgment, Ms. Lax argued that Mr. Rosen's claims failed as a matter of law because he failed to produce an expert report opining that she breached the standard of care. Ms. Lax also argued that she was entitled to summary judgment because Mr. Rosen testified that he intentionally withheld the cancelled checks during the discovery process in the Arvon case, which, she argues, caused the discovery sanction. Thus, she argues that "[a]ny damages that [Mr.] Rosen has suffered as a result of the sanctions were self-inflicted." Further, Ms. Lax submitted her own affidavit, averring that she had not been deficient in her representation of Mr. Rosen.

{¶19}  In response, Mr. Rosen argued that he did not need an expert report to succeed on his malpractice claim because Ms. Lax's breach of the standard of care, i.e., her alleged failure to timely produce copies of the checks and bank statements to Arvon, was obvious.  With respect to his failure to provide the cancelled checks, Mr. Rosen argued that the copies of the checks and bank statements he gave Ms. Lax established "evidence of payment" for purposes of Arvon's discovery requests.

{¶20}  In its order granting summary judgment in favor of Defendants, the trial court found that Mr. Rosen's legal malpractice claim was "the result of [his] own actions in the underlying case," i.e., his failure to produce the cancelled checks.  The trial court further found that Mr. Rosen "failed to reciprocate with Rule 56 evidence in support of any argument against summary judgment that would create any issue of material fact * * *."

{¶21}  When viewed in the light most favorable to Mr. Rosen, the summary judgment materials establish that Mr. Rosen gave Ms. Lax his bank statements and carbon copies of the checks at issue in the Arvon case.  But by Mr. Rosen's own admission, he purposely withheld copies of the cancelled checks in light of his "confidential agreement" with Mr. Kroah.  Furthermore, Mr. Rosen brought forth no expert testimony which would indicate that Ms. Lax's actions or inaction in her representation of Mr. Rosen through the matters at issue was in any way deficient or that any alleged deficiency caused harm to Mr. Rosen.  Hence, we cannot conclude that the trial court erred, as matter of law, in granting summary judgment in favor of Defendants.  *See Westfall v. Lemon*, 4th Dist. Washington No. 14CA12, 2015-Ohio-384, ¶ 30 (affirming summary judgment in a tort action in favor of the defendants and holding that "even if we assume that genuine issues of material fact remain regarding whether [defendants] owed

[plaintiff] a duty and breached that duty, no genuine issues of material fact remain regarding proximate cause * * *.").

{¶22} To the extent that Mr. Rosen argues that the trial court failed to review all of the evidence, he has failed to specify which evidence the trial court allegedly did not consider, nor has he demonstrated how he was prejudiced in that regard. *See* App.R. 16(A)(7); *State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7 ("An appellant has the burden of demonstrating error on appeal."). Mr. Rosen's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE COURT ERRED BY FAILING TO REVIEW OR CONSIDER APPELLANT[']S MOTION FOR RECONSIDERATION OF THE INTERLOCUTORY JUDGMENT ORDER OF MARCH 7, 2014[,] AND ABUSED ITS DISCRETION BY STATING THAT A MOTION FOR RECONSIDERATION ["]IN GENERAL, THERE IS NO SUCH THING AS A MOTION FOR RECONSIDERATION.["] (SIC)

{¶23} In his third assignment of error, Mr. Rosen argues that the trial court erred by failing to consider his motion for reconsideration regarding its grant of summary judgment in favor of Defendants. Mr. Rosen also argues that the trial court abused its discretion by stating that, "In general, there is no such thing as a motion for reconsideration."

{¶24} In light of our disposition of Mr. Rosen's fourth assignment of error, we decline to address the merits of his third assignment of error. *See* App.R. 12(A)(1)(c); *Tarquinio v. Equity Trust Co.*, 9th Dist. Lorain No. 06CA008913, 2007-Ohio-3305, ¶¶ 28, 29 (affirming summary judgment and declining to address whether the trial court erred in denying the appellant's motion for reconsideration). Mr. Rosen's third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE RECORD DOES NOT REFLECT APPELLEES['] COMPLIANCE WITH DISCOVERY NOR DOES IT REFLECT ANY COMPLETION OF DISCOVERY[.] [T]HE COURT * * * FAILED TO REVIEW ANY REQUEST

TO EXTEND DISCOVERY AND AFFORD COMPLETE DISCOVERY TO ALL PARTIES AND ERRED IN NOT CONSIDERING THE DISCOVERY EXTENSION REQUEST AND THAT FAILURE CAUSED AN UNDUE PREJUDICE AS AGAINST APPELLANT AND SHOWS AN ABUSE OF DISCRETION BY THE COURT.

{¶25} Mr. Rosen's precise argument in support of his first assignment of error is unclear. It appears, however, that his primary assertion is that the trial court did not consider his motions to compel or motions to extend discovery. He, therefore, argues that the trial court abused its discretion such that this Court should remand the case "to allow fair and complete discovery."

{¶26} "This [C]ourt reviews a trial court's disposition of discovery matters for an abuse of discretion." *Lampe v. Ford Motor Co.*, 9th Dist. Summit No. C.A. 19388, 2000 WL 59907, *3 (Jan. 19, 2000). An abuse of discretion implies that a trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621 (1993).

{¶27} A review of the record reflects that the parties engaged in a substantial amount of motion practice pertaining to discovery matters. Although discovery-related motions remained pending when the trial court granted Defendants' motion for summary judgment, the trial court's order expressly denied all remaining pending motions as moot. In light of our determination that the trial court properly granted summary judgment, we cannot say the trial court abused its discretion in denying Mr. Rosen's motions. *Granata v. Stamatakos*, 10th Dist. Franklin No. 13AP-424, 2013-Ohio-5548, ¶ 23 (holding that the trial court did not abuse its discretion in finding that the pending discovery-related motions were moot as a result of its grant of summary judgment). Mr. Rosen's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE COURT ABUSED ITS DISCRETION IN THE AWARD OF POST JUDGMENT SANCTION WITHOUT RECONSIDERATION OF ALL EVIDENCE AND PLEADINGS IN THIS MATTER BASED UPON THE APPELLEES LACK OF ANY SPECIFIC SUPPORTING DOCUMENTARY EVIDENCE OR TESTIMONY FOR THEIR CLAIM.

{¶28} In his second assignment of error, Mr. Rosen argues that the trial court erred in sanctioning him under Civil Rule 11. We review a trial court's decision to award sanctions under Civil Rule 11 for an abuse of discretion. *Giusti v. Felten*, 9th Dist. Summit Nos. 26611, 26695, 2014-Ohio-3115, ¶ 20.

{¶29} When considering Civil Rule 11 sanctions, a court is required "'to conduct an evidentiary hearing at which the parties and counsel must be given the opportunity to present any evidence relevant to the issues raised before imposing sanctions[,]'" and the failure to do so constitutes an abuse of discretion. *T.M. v. J.H.*, 6th Dist. Lucas Nos. L-10-1014, L-10-1034, 2011-Ohio-283, ¶ 98, quoting *Nozik v. Sanson*, 8th Dist. Cuyahoga No. 68269, 1995 WL 350122, *2 (June 8, 1995). *See also State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 24-25 (concluding that the appellate court's imposition of sanctions under Civil Rule 11 without holding a hearing constituted an abuse of discretion).

{¶30} The record reflects that the trial court never held the required hearing prior to sanctioning Mr. Rosen under Civil Rule 11. Instead, the trial court sanctioned him based solely upon the summary judgment materials. Although the trial court did order that a hearing be held before a magistrate, the "sanctions hearing" related solely to the issue of the amount of attorney's fees incurred in defense of the lawsuit. In this regard, the magistrate instructed Mr. Rosen to "limit [his] questioning to the issue of fees and costs incurred * * *[,]" and prohibited him from presenting any evidence disputing the propriety of the decision to impose sanctions.

**{¶31}** Because the trial court failed to conduct a proper evidentiary hearing with respect to the imposition of sanctions, we hold that the trial court abused its discretion by imposing Civil Rule 11 sanctions against Mr. Rosen. *See T.M.* at ¶ 98; *Ebbing* at ¶ 25. For that reason, Mr. Rosen's second assignment of error is sustained.

### III.

**{¶32}** Mr. Rosen's first, third, and fourth assignments of error are overruled. Mr. Rosen's second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
JENNIFER HENSAL
FOR THE COURT


MOORE, J.
CONCURRUING IN JUDGMENT ONLY.

{¶33} I concur in the majority's judgment. With respect to Mr. Rosen's fourth assignment of error, I would analyze the issues slightly differently.

{¶34} I would conclude that the Defendants set forth sufficient evidence to meet their initial *Dresher* burden. This shifted the burden to Mr. Rosen who responded in opposition with evidence that, when viewed in a light most favorable to him, would indicate that Ms. Lax failed to submit any documents in responding to the discovery request in the prior litigation, even though she did respond to the discovery request. It is unclear from the record before us whether submitting those documents (bank statements and carbon copies of the checks) without also submitting copies of the cancelled checks would have altered the result in the underlying litigation. Nonetheless, Mr. Rosen failed to submit an expert report to support his claims. Accordingly, Mr. Rosen failed to present sufficient evidence calling into question Ms. Lax's affidavit in which she averred that she had met the standard of the care. I cannot conclude that, given the particular circumstances of this case, Ms. Lax's actions would amount to a breach so obvious as to not require expert testimony. *See Yates v. Barilla*, 9th Dist. Lorain No. 11CA010055, 2012-Ohio-3876, ¶ 8. Thus, I agree that summary judgment was properly awarded to the Defendants.

CARR, J.
DISSENTING.

{¶35} I respectfully dissent. Before the trial court could determine whether or not a breach of duty occurred under the facts of this case, it must have determined the foundational issue of whether or not expert testimony was required. Because the trial court did not address whether or not Mr. Rosen was required to present expert opinion to make a prima facie case of legal malpractice, I would reverse and remand the matter to the trial court for such determination.

APPEARANCES:

MICHAEL ROSEN, pro se, Appellant.

DONNA CHERYL ATWELL, Attorney at Law, for Appellee.