[Cite as *Maurer v. Wayne Cty. Bd. of Cty. Commrs.*, 2015-Ohio-5318.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

THOMAS MAURER, et al.

    Appellants

    v.

WAYNE COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.

    Appellees

C.A. No.    14AP0039

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    13-CV-0361

DECISION AND JOURNAL ENTRY

Dated: December 21, 2015

SCHAFER, Judge.

{¶1}    Appellants, Toni and Thomas Maurer, appeal the judgement of the Wayne County Court of Common Pleas granting Wayne County Board of County Commissioners' and Aetna Insurance Company's (collectively, "Appellees") respective motions for summary judgment. For the reasons set forth below, we reverse.

I.

{¶2}    Thomas Maurer was sworn into his fourth term as sheriff of Wayne County in January of 2009. At the time of his swearing in, Mr. Maurer was married to Toni Maurer and both were insureds under a group healthcare plan administered for the benefit of Wayne County employees and their dependents.

{¶3}    The Wayne County Board of County Commissioners subsequently enacted Resolution No. 2011-453, which changed certain terms of the healthcare plan that Wayne County provides to its employees and their dependents. Relevant to this appeal, one of those

changes excluded from coverage any surgical procedures and/or devices related to the improvement of hearing. Specifically, the County's new healthcare plan, which became effective January 1, 2012, contained the following exclusion:

Hearing:

* * *

Any tests, surgeries, procedures, appliances, and devices for the improvement of hearing (including hearing aids and amplifiers), or to enhance other forms of communication to compensate for hearing loss or devices that simulate speech.

Additionally, the new healthcare plan contained an express exclusion which stated:

The plan will not cover expenses and charges for, or expenses related to:

* * *

- Cochlear implants;
- Any device meant to restore, enhance or replace your hearing.

{¶4} In 2011, Mrs. Maurer developed a medical condition that affected her hearing. Mrs. Maurer sought treatment and was diagnosed with Meniere's disease, a condition of the ear which exacerbated her hearing loss. After months of treatment, Mrs. Maurer's physicians recommended that she receive a cochlear ear device, a surgically implanted medical device that is intended to help an individual regain their hearing. Mrs. Maurer elected to undergo the surgery to have the cochlear device implanted during the summer of 2012, after the changes articulated in Resolution No. 2011-453 had taken effect.

{¶5} The Maurers submitted a request for coverage under their insurance plan to Aetna Life Insurance Company,[1] which Aetna initially approved on March 13, 2012. However, a

---

[1] Starting in 2012, Aetna Life Insurance Company served as the third party administrator of the County-provided healthcare plan.

Wayne County Administrator subsequently informed Mr. Maurer that the County-provided insurance plan did not cover expenses related to cochlear ear devices. The following week, Aetna sent the Maurers' a denial of coverage letter for the surgery. The Maurers administratively appealed this denial, but Aetna ultimately denied that appeal.

{¶6} Despite the denial of coverage from their insurance provider, Mrs. Maurer still decided to proceed with the surgery for the cochlear implant. After numerous demands for payments and unsuccessful discussions with the Wayne County Prosecutor, the Maurers filed a complaint in the Wayne County Court of Common Pleas on June 27, 2013 seeking a declaratory judgment that their health insurance plan covers Mrs. Maurer's cochlear device implant surgery. At the close of discovery, the parties submitted cross-motions for summary judgment. On September 11, 2014, the trial court granted the Wayne County Board of County Commissioners' and Aetna's respective motions for summary judgment and denied the Maurers' motion for summary judgment.

{¶7} The Maurers timely appealed the trial court's judgment, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in granting declaratory judgment in favor of the appellees, without taking into consideration the ability of the Wayne County Board of County Commissioners to change the health insurance coverage of an elected official during his term.**

{¶8} In their sole assignment of error, the Maurers argue that the trial court erred by granting the Appellees' respective motions for summary judgment without first considering whether the Wayne County Board of County Commissioners had the right to modify their insurance coverage. We agree.

{¶9} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶10} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 449 (1996).

{¶11} In this case, the trial court granted summary judgment in favor of Appellees on the basis that the County-provided health insurance plan that became effective on January 1, 2012 unambiguously stated that expenses for or related to cochlear implants were not covered expenses. However, the trial court did not address the argument put forth by the Maurers in their motion for summary judgment. Their argument asserted that the County's inter-term alteration of the health insurance coverage constituted a change to an elected official's salary in violation

of Article II, Section 20 of the Ohio Constitution. As we are a reviewing court, we will not consider the issues relevant to the motion for summary judgment in the first instance. *Price v. Carter Lumber Co.*, 9th Dist. Summit No. 26243, 2012-Ohio-6109, ¶ 22. As the trial court did not address this issue in its judgment entry, we are compelled to reverse and remand the matter to the trial court to consider the Maurers' argument in the first instance. *Harris-Coker v. Abraham*, 9th Dist. Summit No. 26053, 2012-Ohio-4135, ¶ 7.

{¶12} Accordingly, the Maurers' assignment of error is sustained solely to the extent that the trial court failed to properly address their argument before granting summary judgment to Appellees.

III.

{¶13} The Maurers' sole assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

WILLIAM ANFANG, III, Attorney at Law, for Appellants.

PAUL L. JACKSON and KAREN D. ADINOLFI, Attorneys at Law, for Appellee.

ROBERT J. FOGARTY, Attorney at Law, for Appellee.