[Cite as *Commodity Blenders, Inc. v. Van Wezel*, 2016-Ohio-7993.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

COMMODITY BLENDERS, INC.

    Appellee

    v.

JEROEN VAN WEZEL, et al.

    Appellants

C.A. No.    14AP0046

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    13-CV-0165

DECISION AND JOURNAL ENTRY

Dated: December 5, 2016

CARR, Judge.

{¶1} Appellants, Jeroen and Jose Van Wezel, appeal the judgment of the Wayne County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} On March 18, 2013, Community Blenders, Inc. ("CBI") filed a complaint against Jeroen and Jose Van Wezel, alleging claims of breach of contract, failure to pay an account stated, and unjust enrichment. CBI noted that Wezbra Dairy, a company owned by the Van Wezels, had recently filed a bankruptcy petition and that CBI sought to recover against the Van Wezels in their individual capacity. The Van Wezels filed an answer in which they generally denied the allegations in the complaint and raised multiple affirmative defenses. The Van Wezels maintained that CBI's dispute was solely with Wezbra Dairy and not the Van Wezels individually.

{¶3}   Several significant events transpired during the course of discovery.  The Van Wezels obtained an admission from CBI declaring that the Van Wezels did not sign a legal document personally guaranteeing the debts of Wezbra Dairy.  CBI subsequently obtained a credit application that it considered evidence of a personal guarantee of the debts of Wezbra Dairy.  CBI then filed an amended complaint which included a claim that the Van Wezels had violated the terms of the credit application.  The Van Wezels filed an amended answer, again denying that they personally guaranteed the debts of Wezbra Dairy.

{¶4}   On July 18, 2014, CBI filed a motion for summary judgment.  The Van Wezels filed a motion for partial summary judgment on that same day.  CBI moved the trial court to withdraw its previous admission.  The trial court granted the motion to withdraw the admission.  Without permitting additional discovery, the trial court denied the Van Wezels' motion for partial summary judgment and granted CBI's motion for summary judgment.

{¶5}   On appeal, the Van Wezels raise four assignments of error.  This Court consolidates and rearranges certain assignments of error in order to facilitate review.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING CBI'S MOTION TO WITHDRAW ADMISSION.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED IN GRANTING CBI'S MOTION FOR SUMMARY JUDGMENT.

{¶6}   In their second and fourth assignments of error, the Van Wezels argue that the trial court abused its discretion by granting CBI's motion to withdraw admission and granting CBI's motion for summary judgment.  This Court agrees.

{¶7} This Court reviews a trial court's decision to grant or deny a motion to withdraw an admission for an abuse of discretion. *Albrecht, Inc. v. Hambones Corp.*, 9th Dist. Summit No. 20993, 2002-Ohio-5939, ¶ 11. A trial court's ruling on a motion to compel discovery is also reviewed for an abuse of discretion. *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Under Civ.R. 36(A), a party to a lawsuit may serve a request for admissions upon another party. "The purpose of this process is to facilitate early resolution of potentially disputed issues, thereby expediting the trial." *Albrecht* at ¶ 12, citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985). The facts deemed admitted under Civ.R. 36 are conclusively established unless the trial court, on motion, permits withdrawal or amendment of the admission. "A request for admission can be used to establish a fact, even if it goes to the heart of the case." *Cleveland Trust Co.*, 20 Ohio St.3d at 67.

{¶9} Civ.R. 36(B) provides that a party may alter responses to requests for admissions, or withdraw admissions, but only when expressly permitted by the trial court:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ.R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.

"Civ.R 36(B) emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will

not operate to his or her prejudice." *Nelson v. Tipton*, 10th Dist. Franklin No. 99AP-277, 1999 WL 1041154, *3 (Nov. 18, 1999), citing *Cleveland Trust Co.*, 20 Ohio St.3d at 67.

{¶10} The procedural sequence that unfolded in this case is central to our analysis. CBI responded to a request for admissions on December 3, 2013, and offered the following admission:

> **Request for Admission No. 14:**
>
> Admit that Defendants Jeroen Van Wezel and Jose Van Wezel did not personally guaranty the debts referenced in the Complaint.
>
> **RESPONSE**:
>
> **Admitted in part and denied in part. Plaintiff admits that there is no separate written guaranty signed by the Van Wezels. Plaintiff denies that the Van Wezels are not personally liable on their account with Plaintiff.**

As discovery progressed, CBI discovered a document created in 2008 captioned "Credit Application." The credit application, which was drafted by CBI, created a credit account for Wezbra Dairy, LLC, and was signed by Jose and Jeroen Van Wezel. CBI proceeded to file an amended complaint on February 12, 2014, that included claims that the credit application constituted evidence that the Van Wezels personally guaranteed the debts of Wezbra Dairy. The Van Wezels promptly filed an amended answer asserting multiple affirmative defenses and denying that the credit application constituted a personal guarantee.

{¶11} The trial court issued a case management order stating that July 18, 2014, would be the discovery deadline as well as the deadline to file dispositive motions. On July 18, 2014, the Van Wezels filed a motion to compel discovery wherein they requested that CBI produce the contact information for two former employees, Tim Dixon and George Sapon. The Van Wezels argued that CBI's Civ.R. 30(B) witness stated during his deposition that Dixon's handwriting was on the credit application and that Dixon had been the "point person" in negotiating the

promissory note between the two parties. Also on July 18, 2014, CBI filed a motion for summary judgment and the Van Wezels filed a motion for partial summary judgment. Each party filed a responsive brief in opposition to the other's motion for summary judgment. On August 4, 2014, CBI filed a response to the motion to compel as well as a motion to withdraw its prior admission.

{¶12} On September 8, 2014, the trial court granted CBI's motion to withdraw admission. Two weeks later, on September 22, the trial court issued an order denying the Van Wezels' motion for summary judgment. The next day, despite never issuing a ruling on the Van Wezels' motion to compel discovery, the trial court issued a journal entry granting summary judgment on behalf of CBI on the basis that the language of the credit application created a personal guarantee on behalf of the Van Wezels.

{¶13} The trial court abused its discretion when it granted CBI's motion to withdraw admission and declined to rule on the Van Wezels' motion to compel. As noted above, permitting a party to withdraw an admission is appropriate only when the nonmoving party would not be prejudiced in maintaining its defense on the merits. *Balson v. Dodds*, 62 Ohio St.2d 287, 290 (1980). The parties offered competing arguments regarding the significance of the credit application. CBI's admission was acutely relevant to that issue, and it was a critical component not only in the Van Wezels' motion for partial summary judgment, but also in the Van Wezels' ability to respond CBI's motion for summary judgment. The timing of the motion to withdraw an admission is an important factor in determining whether the withdrawal would be prejudicial. *Albrecht*, 2002-Ohio-5939, at ¶ 20. In this case, CBI filed the motion to withdraw admission after the Van Wezels relied on that admission in responding to CBI's motion for summary judgment. This Court has held that a trial court abuses its discretion when it grants a

motion to withdraw admission after a party relies on that admission in opposing summary judgment. *Heiland v. Smith*, 9th Dist. Lorain No. 11CA010137, 2013-Ohio-134, ¶ 16-17. When a trial court grants the withdrawal of an admission under these circumstances, it must permit additional discovery prior to ruling on the motion for summary judgment. *Heiland* at ¶ 17; *HSBC Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 29. Here, the trial court granted the motion to withdraw admission without allowing any opportunity for further discovery prior to ruling on the motions for summary judgment.[1] This constituted an abuse of discretion as the trial court's actions fundamentally altered the evidentiary posture of the summary judgment proceedings and effectively prevented the Van Wezels from maintaining their defense on the merits.

**{¶14}** The second and fourth assignments of error are sustained.

## ASSIGNMENT FOR ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE VAN WEZELS' MOTION TO COMPEL.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING THE VAN WEZELS' MOTION FOR PARTIAL SUMMARY JUDGMENT.

**{¶15}** In their first and third assignments of error, the Van Wezels argue that the trial court erred by denying their motion to compel discovery and by denying their motion for summary judgment. As our resolution of the second and fourth assignments of error reopens discovery in this matter, our resolution of those assignments of error is dispositive of this appeal.

---

[1] While we take no position on the propriety of CBI's motion to withdraw admission generally, we note that it was error to grant the motion under the specific circumstances of this case where the trial court proceeded to summary judgment without permitting additional discovery.

We decline to address the first and third assignments of error as they are rendered moot. *See* App.R. 12(A)(1)(c).

### III.

**{¶16}** The Van Wezels' second and fourth assignments of error are sustained. We decline to address the first and third assignments of error as they have been rendered moot. The judgment of the Wayne County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

> Judgment reversed,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
CONCURS.

HENSAL, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶17} While I agree that the trial court's judgment must be reversed and remanded for further proceedings, I would do so on a different basis. As the majority points out, the trial court found that the unambiguous language of the credit application included a personal guarantee that rendered the Van Wezels personally liable for the debts of Wezbra Dairy. The trial court's judgment entry, however, is devoid of any discussion regarding the effect, if any, the subsequently executed promissory note had on the Van Wezels' obligations under the credit application.[2] This is significant given that the Van Wezels specifically argued below that "even if the Credit Application is a personal guarantee, [their] liability under the Credit Application was discharged by the subsequent promissory note between Wezbra Dairy and [Commodity Blenders, Inc.]." They also raised this issue on appeal, arguing that this Court should reverse the trial court's judgment because the trial court "did not even address the overwhelming evidence that the Van Wezels were relieved from any liability on the Credit Application by execution of the Promissory Note."

{¶18} Because the trial court's judgment entry does not address the effect, if any, the subsequently executed promissory note had on the Van Wezels' obligations under the credit application, I would reverse and remand the matter for the trial court to consider the Van Wezels' argument in this regard in the first instance. *See Maurer v. Wayne Cty. Bd. of Cty.*

---

[2] Although the trial court's judgment entry mentions the promissory note, it does so only to highlight the fact that the credit application, unlike the promissory note, did not indicate that the Van Wezels were signing it in their representative capacity for Wezbra Dairy.

*Commrs.*, 9th Dist. Wayne No. 14AP0039, 2015-Ohio-5318, ¶ 11 (reversing and remanding the trial court's grant of summary judgment on the basis that the trial court did not address certain issues in its judgment entry, and noting that, as the "reviewing court, we will not consider the issues relevant to the motion for summary judgment in the first instance.").

APPEARANCES:

J. MATTHEW FISHER and JEFFREY R. CORCORAN, Attorneys at Law, for Appellants.

DAVID J. WIGHAM and LUCAS K. PALMER, Attorneys at Law, for Appellee.